Sup. Ct. 758, 35 L. Ed. 399; and see, by analogy, Virginia v. Paul, 148 U. S. 107, 119, 13 Sup. Ct. 536, 37 L. Ed. 386, and Katz v. Manufacturing Co. (C. C.) 150 Fed. 684, 685. And the papers sent up by the Commissioner constitute no part of the record in the court. United States v. King, 147 U. S. 676, 685, 13 Sup. Ct. 439, 37 L. Ed. 328. It is entirely clear, therefore, that as the proceedings before the Commissioner are no part of the "cause" in court, the costs incurred therein cannot properly be included in taxing costs under a judgment rendered against the defendants for "the costs of the cause" merely.

It is therefore unnecessary to determine whether, if the judgment in this cause had been rendered against the defendants for "the costs of the prosecution" instead of "the costs of the cause," the costs of the preliminary proceedings before the Commissioner would have been taxable against them under such judgment; that is to say, whether the term "costs of the prosecution" as used in section 974 includes anything more than the costs of the cause; whether, if so, the proceeding before the Commissioner is to be regarded, in the light of the decisions in the Van Duzee and King Cases, supra, as part of the prosecution, though not part of the court cause; and, finally, whether, in any event, the costs of such preliminary proceeding could be taxed against the defendants as part of the costs of the prosecution in view of the specific provision in section 1014 of the Revised Statutes that the preliminary proceedings before a Commissioner are to be "at the expense of the United States."

Being, however, clearly of the opinion, for the reasons above stated, that the costs of the proceeding before the Commissioner are in no event taxable under the present judgment for the "costs of the cause" merely, the Government's motion to retax must be denied; and an order will be entered accordingly.

---

Ex parte BELL.

(District Court, N. D. California, First Division. March 10, 1917.)

No. 16168.

COURTS ⊕⟻489(1)—FEDERAL COURTS—JURISDICTION—HABEAS CORPUS.

A resident of Nevada petitioned in the District Court of California for a writ of habeas corpus to secure the custody of a minor child, alleged to have been kidnapped by defendants, residents of California, and brought into that state. Under the adoption proceedings had in Nevada, petitioner was entitled to the custody of the infant. *Held*, that the federal court was without jurisdiction to entertain the habeas corpus proceeding, notwithstanding the diversity of citizenship and the Nevada adoption proceedings.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1324.]

In the matter of Loletta Bell, minor. Petition by Mrs. Sadie E. Bell for a writ of habeas corpus. On demurrer to the writ. Demurrer sustained.

Howard K. James, of Oakland, Cal., for petitioner.
Robinson, Gillis & Sizer, of Oakland, Cal., for respondent.

DOOLING, District Judge.    Sadie E. Bell has petitioned this court for a writ of habeas corpus on behalf of Loletta Bell, a child of about six years of age.    The petition shows that the petitioner and her husband duly and regularly adopted the child in Nevada in July, 1911, in accordance with the laws of that state and with the consent of the mother; that the child was then but 18 days old; that petitioner and her husband had the care and custody of the child by virtue of the adoption proceedings until December 18, 1915, when the mother kidnapped her, and removed her from that state; that the adoptive parents were unable to find her until quite recently, when they found her in this district in the custody of the mother; that petitioner is a resident and citizen of the state of Nevada, and the mother a resident and citizen of this state.    The petitioner seeks by this proceeding to have the custody of the child taken from the mother and transferred to her in accordance with the Nevada decree.

An order to show cause was issued and served upon the mother, who has filed a demurrer to the petition, by which the jurisdiction of the court is sharply questioned.    Petitioner contends that the court has jurisdiction, both because of the diverse citizenship of the parties and because it is the duty of the court to "give full faith and credit to the Nevada decree."    Upon neither ground can the jurisdiction of the court be upheld.    Petitioner cites no authority in support of her contention, and the principles supporting the contention of respondent are fully set out in Re Burrus, 136 U. S. 586, 10 Sup. Ct. 850, 34 L. Ed. 1500, Clifford v. Williams (C. C.) 131 Fed. 100, and Hoadly v. Chase (C. C.) 126 Fed. 818.

The court being without jurisdiction, the demurrer to the petition will be sustained, and the proceeding dismissed.

---

STEPHENS et al. v. OHIO STATE TELEPHONE CO.

(District Court, N. D. Ohio.   W. D.   February 14, 1917.)

No. 166.

1. COURTS ⬅➡316—JURISDICTION—COLLUSION.
    Judicial Code (Act March 3, 1911, c. 231) § 37, 36 Stat. 1098 (Comp. St. 1913, § 1019), authorizing the dismissal of a suit in the federal court if it should appear that it does not properly involve a dispute within the jurisdiction of the court, or that parties have been collusively made or joined for the purpose of giving the court jurisdiction, does not deprive the federal court of jurisdiction over a suit by the subscribers of an interstate telephone company whose employés were on a strike, to compel the company to furnish the service it had contracted to furnish, though the parties thereto were friendly antagonists, and the telephone company was willing to have the controversy submitted to the federal court, since the collusion which deprives the court of jurisdiction is not an agreement between the parties that an existing dispute cognizable in the federal courts shall be brought there, but an agreement so to adjust the situation as to clothe the court with an apparent jurisdiction which it otherwise would not have.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 862.]

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes