BASSETT *v.* AMERICAN BAPTIST PUBLICATION SOCIETY.

1. CONTRACTS — MINORS—SPECIFIC PERFORMANCE—EVIDENCE—SUF-
    FICIENCY—AGREEMENT TO GIVE PROPERTY AT DEATH.
    In a suit against the beneficiaries of deceased's will for the
        specific performance of a contract whereby deceased, a
        cousin of plaintiff, promised him and his father that if
        plaintiff, who was then 7 years of age, would live with
        her as her son, she would board, clothe, and educate
        him until he was of age, and give him everything she
        owned when she was through with it, evidence *held*, suf-
        ficient to establish said contract as claimed.

2. SAME—PARTIES—CONSIDERATION.
    Upon the record showing that plaintiff was consulted and
        gave his consent thereto, *held*, that plaintiff was a party to
        the contract and to the consideration, and the sole promisee
        thereof.

3. SAME—CONSIDERATION CONTRIBUTED BY PLAINTIFF—MINORS.
    Although the father in giving up the control, comfort,
        society, and education of the plaintiff, and the right to
        his earnings during minority, imparted to the contract a
        valuable consideration, it cannot be said to be the sole,
        or even the principal, consideration, but the moving
        and valuable and continuing consideration was contributed
        by plaintiff in giving deceased the comfort, society, and
        service expected of him.

4. SAME—SPECIFIC PERFORMANCE.
    The agreement being valid, upon performance by plaintiff,
        he was entitled to performance by deceased.

5. SAME—PRIVITY OF PARTIES—RIGHT TO MAINTAIN SUIT—THIRD
    PERSONS.
    There was such privity of contract between deceased, plain-
        tiff's father, and plaintiff as to entitle plaintiff to maintain
        this suit; the rule barring an action by a third person
        upon a contract in which he is made a beneficiary not
        being applicable.

6. SAME—PROMISE TO GIVE PLAINTIFF PROPERTY AT DEATH..
   The contention of counsel for defendant that the promise
   related only to property deceased had at the time the
   agreement was made cannot be sustained, since nothing
   was to be given until her death, and her estate at that
   time determined what was due plaintiff.

7. SAME—CONSIDERATION—VALIDITY.
   Defendant's contention that the contract was void because
   there was no consideration for the promise of deceased
   cannot be sustained.

8. SAME—PERFORMANCE—FRAUDS, STATUTE OF.
   The contract having been fully performed by plaintiff, the
   statute of frauds has no application.

Appeal from Newaygo; Barton (Joseph), J.   Submitted April 12, 1921.   (Docket No. 72.)   Decided July 19, 1921.

Bill by Judson Bassett against the American Baptist Publication Society and others for the specific performance of a contract.   From a decree for plaintiff, defendant society appeals.   Affirmed.

*William J. Branstrom* and *Charles B. Cross,* for plaintiff.

*White & Reber* and *Butterfield, Keeney & Amberg,* for appellant.

WIEST, J.   In 1868, plaintiff, then 7 years of age, was living at home with his father, Edward Bassett, at Madison, Minnesota.   At that time his cousin, Romanda S. Carpenter, then 30 years of age, was making her home temporarily in the family of Edward Bassett and had been teaching school and doing house-work there for about 3 years.   The mother of plaintiff died in 1864.   Miss Carpenter was a spinster and owned a 40-acre farm in Newaygo county, this State, and in 1868 she planned to return to Michigan and

wanted to have plaintiff return and live with her and the proofs show that, after considerable talk between Miss Carpenter and plaintiff's father it was agreed that she should take plaintiff and raise him as her own boy, and board, clothe and educate him until he was of age and give him everything she owned when she was through with it. The plaintiff was consulted, and so far as a boy of such tender years could do so, he consented to the agreement. In pursuance of such agreement Miss Carpenter took plaintiff to her home in Michigan and he lived with her until his marriage and gave her the care and attention of a son up to the time of her death in 1919. Miss Carpenter also fully performed her agreement so far as supplying plaintiff with board and clothes and an education but not in giving him her estate at her death.

In 1912 Miss Carpenter made her will, giving her sister a life estate in all her property and bequests of $25 each to a nephew and a niece and the residue of her estate to the American Baptist Publication Society of Philadelphia. Miss Carpenter was never married and at the time of her death possessed real estate and personal property.

The will of Miss Carpenter having been admitted to probate, plaintiff filed the bill herein asking for specific performance of the contract mentioned and that he be decreed to be the owner of all real and personal property of which Miss Carpenter died seized or possessed, subject, however, to the payment of all just debts and funeral expenses. The American Baptist Publication Society made answer to the bill fully raising issues of fact and legal questions. The defendant Henry McCarthy, executor of the estate, filed an answer averring want of knowledge of the claimed facts relative to an agreement but denying performance by plaintiff, and also raised issues of law. The bill was taken as confessed by the other defendants.

The circuit judge found in favor of plaintiff and decreed him to be the owner of all the property, real and personal, of which Romanda S. Carpenter died seized, subject, however, to her just debts and funeral expenses, and directed the probate court to make an order of assignment to such effect. The case is brought here on appeal by the American Baptist Publication Society.

A careful reading of the record fully persuades us that the agreement was made as claimed by plaintiff and fully performed on his part. Was plaintiff a party to the contract and to the consideration and the sole promisee thereof? Upon this record we must hold that he was. The testimony shows that plaintiff was informed of the contemplated arrangement and asked to give his consent thereto, and did so. This was in accord with the common parental love and solicitude which would naturally lead a father about to part with his son, old enough to have some appreciation of leaving home, to lay the matter before the son and obtain his consent. It may be conceded that the father in giving up the control, comfort, society and education of his son and the right to his earnings during minority imparted to the contract a valuable consideration, but it cannot be said that such was the sole or even the principal consideration. The plaintiff contributed the moving and valuable and continuing consideration in giving Miss Carpenter the comfort, society and service she expected of him. The father had a right to surrender the parental control for the welfare of plaintiff. Under the contract nothing was to be due the father of plaintiff at any time. The promise was to plaintiff and he was made the sole beneficiary. The agreement was valid and upon performance by plaintiff obligated Miss Carpenter to give plaintiff her property by last will and

testament.  *Carmichael* v. *Carmichael*, 72 Mich. 76, 85 (1 L. R. A. 596), and cases there cited; *Bird* v. *Pope*, 73 Mich. 483; *Wright* v. *Wright*, 99 Mich. 170 (23 L. R. A. 196).  There was such privity of contract between Miss Carpenter, plaintiff's father, and plaintiff as to entitle plaintiff to maintain this suit.  *Preston* v. *Preston*, 207 Mich. 681.

The case does not fall within the rule barring an action by a third person upon a contract in which he is made beneficiary.  We cannot agree with counsel for defendant that the promise related only to property Miss Carpenter had at the time the agreement was made.  Nothing was to be given until Miss Carpenter's death and her estate at that time determined what was due plaintiff.

We do not take up the legal question of the right of the plaintiff to file the bill for specific performance of the contract if it was made for his sole benefit by his father with Miss Carpenter without his being privy thereto for the reason that we find he was a party to the contract.  Upon that question, however, we call attention to the following cases:  *Gardner* v. *Denison*, 217 Mass. 492 (105 N. E. 359, 51 L. R. A. [N. S.] 1108) ; *Starnes* v. *Hatcher*, 121 Tenn. 330 (117 S. W. 219) ; *Kofka* v. *Rosicky*, 41 Neb. 328 (59 N. W. 788, 25 L. R. A. 207) ; *Winne* v. *Winne*, 166 N. Y. 263 (59 N. E. 832) ; *Oles* v. *Wilson*, 57 Colo. 246 (141 Pac. 489) ; *In re Edmundson's Estate*, 259 Pa. 429 (103 Atl. 277, 2 A. L. R. 1150) ; *Babcock* v. *Chase*, 92 Hun (N. Y.), 264; *Wright* v. *Wright, supra.*

Defendant contends that the transaction did not amount to a valid contract, there being no consideration for the alleged promise of deceased.  This point was raised and answered in *Winne* v. *Winne, supra.* In that case, by the terms of the agreement Mrs. Winne was to have, and the mother of plaintiff was to surrender to her, the custody and control of the

plaintiff; Mrs. Winne was to keep and maintain him as her own child, and at her death give him all her property and make him her sole heir. The court said of this contract:

"It was a contract to be chiefly executed during the life of the decedent, with compensation to be made at her death. It was a method adopted to provide for the payment by her for the custody, control and services of the plaintiff during his minority. It may be observed in passing, that the decedent before her death received the full consideration provided for by the agreement. The plaintiff was a considerate boy, discharging all the duties that a faithful son owes his parents. Not only during the years of his minority, but even after his marriage he continued to provide for and exercise that care over her which a dutiful child should. The plaintiff's mother also surrendered up to the decedent the entire custody and management of her child, and had nothing more to do with him. Thus both the plaintiff and his mother had fully performed the contract upon their part, so that as to them it is not executory, but has been fully executed. That there was a sufficient consideration for the agreement we have no doubt."

We are in accord with that opinion. The agreement having been fully performed by plaintiff, the statute of frauds has no application. The plaintiff is entitled to specific performance, and the decree entered in the circuit court is affirmed, with costs.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.