BURGESS v. JACKSON CIRCUIT JUDGE.

1. APPEAL AND ERROR—DENIAL OF MOTION TO DISMISS REVIEWABLE ON APPEAL.

Under 3 Comp. Laws 1915, § 13753, issue raised by overruling motion to dismiss bill of complaint is reviewable on appeal.

2. COURTS—PROBATE COURTS.

Probate courts are created for peculiar and limited purposes outside ordinary litigation, and are incapable of dealing completely with ordinary rights (3 Comp. Laws 1915, § 13764).

3. EQUITY—JURISDICTION RETAINED TO GRANT COMPLETE RELIEF.

If equity has jurisdiction of case for any purpose it may retain such jurisdiction to grant complete relief.

4. SPECIFIC PERFORMANCE—EQUITY—CONTRACT TO MAKE WILL ENFORCEABLE.

Court of equity may decree specific performance of a contract to make a will.

5. TRUSTS—CONSTRUCTIVE TRUST ENFORCEABLE BY EQUITY.

If one fraudulently, by undue influence and without consideration, induced decedent to so fix the title of his property in joint tenancy with her that, at his death, it would go to her instead of to those with whom he had contracted to will it, she would hold it under a constructive trust for them, which is peculiarly within the power of a court of equity to control and enforce.

6. EQUITY—JURISDICTION OVER CONSTRUCTIVE TRUSTS—PROBATE COURTS.

The jurisdiction of a court of equity over constructive trusts is not affected by the statutes giving probate courts jurisdiction of testamentary trusts (3 Comp. Laws 1915, §§ 13764, 14094).

7. SAME—RIGHT TO EQUITABLE RELIEF SHOWN ON FACE OF BILL—INJUNCTION.

In suit for discovery and specific performance of contract whereby decedent agreed to will plaintiffs all of his property, where it was alleged that defendant had fraudulently induced decedent to so fix the title of his property in joint tenancy

with her that, at decedent's death, it would go to her instead of to plaintiffs, with whom he had contracted to will it, on the face of the bill plaintiffs are ·entitled to the relief sought and to an injunction restraining the disposition or incumbrance of the property in dispute, and maintaining its *status quo* until the case is disposed of by final decree.

8. COURTS—PROBATE COURTS—JURISDICTION.

Under 3 Comp. Laws 1915, § 13764, probate court has jurisdiction of the probate of wills, and is court of general jurisdiction in testamentary and other probate matters.

9. INJUNCTION—COURTS—PROBATE COURTS ORDINARILY NOT ENJOINED FROM ACTING.

The probate court, being a special tribunal with general jurisdiction over the probate of estates, ought not ordinarily to be enjoined from acting in matters of which it has jurisdiction, though the necessity of some equitable remedy or the prevention of irreparable injury may be sufficient grounds for an injunction.

10. MANDAMUS—NOT WRIT OF RIGHT.

Mandamus is not a writ of right but one of discretion.

11. SAME—INJUNCTION CASES NOT ORDINARILY REVIEWED BY MANDAMUS.

While ordinarily the Supreme Court does not, by mandamus, review the action of the circuit judge in injunction cases, yet, where the return shows that the question in dispute is one of law merely, it will consider the case.

12. SAME—TEMPORARY INJUNCTION.

Where there is no want of jurisdiction of subject-matter or parties in equitable suit for specific performance of a contract to make a will in plaintiffs' favor, and continuance of injunction restraining defendant from disposing of or incumbering the property in dispute, and restraining proceeding on petition in probate court to probate a will does no substantial injustice, and questions raised do not go to the merits of the case, mandamus to compel the circuit judge to dissolve the temporary injunction is denied.

Mandamus by Maude Hamlin Burgess to compel Benjamin Williams, Jackson circuit judge, to set

aside temporary injunction restraining probate court from distributing the estate of Charles Jolls. Submitted February 11, 1930. (Calendar No. 34,723.) Writ denied March 6, 1930.

*Reuben H. Rossman* and *Nathan E. Bailey,* for plaintiff.

*Richard Price* and *Whiting & Kleinstiver,* for defendant.

POTTER, J. Elizabeth Skinner, who sued in her own right and as administratrix of the estate of Charles Jolls, deceased, and Edmond J. Jolls, are children of Edmond Jolls, deceased. They filed a bill of complaint in the circuit court of Jackson county, in chancery, against Maude Hamlin Burgess, alleging that Edmond Jolls, their father, prior to his death, was seized and possessed of property worth $18,000 or $19,000; that the brother of Edmond Jolls, Charles Jolls, by fear, force, fraud, and undue influence practiced by him, the said Charles Jolls, upon Edmond Jolls when Edmond Jolls was mentally incompetent to transact business and to make a valid testamentary disposition of his property, induced Edmond Jolls to make his last will and testament giving said Charles Jolls all of his property at his death, to the exclusion of Elizabeth Skinner and Edmond J. Jolls, his children and lawful heirs; that such will was void, at least voidable; that plaintiffs in equity had good grounds upon which to contest the validity of such will; that plaintiff in equity, Elizabeth Skinner, was in probate court with her attorneys to contest the same; that an agreement was then and there made and entered into with Charles Jolls that if she would not further contest the validity of the will of Edmond Jolls, deceased,

and would allow such will to be admitted to probate, whereby Charles Jolls would obtain the property of his brother, Edmond Jolls, to the exclusion of plaintiffs, that he, the said Charles Jolls, would, in consideration thereof, leave all his property by will, at his death, to plaintiffs; that believing and relying upon such promise and agreement on the part of Charles Jolls, the contest of the will of Edmond Jolls, deceased, was withdrawn, his will admitted to probate, his estate probated, and Charles Jolls became seized and possessed of the property which had belonged to Edmond Jolls; that Charles Jolls, after receiving such property by reason of such agreement, repudiated its binding force, and in violation of the same, failed, neglected, and refused to make the will he agreed to make; that Maude Hamlin Burgess, defendant in equity, fraudulently, by undue influence, without consideration, when Charles Jolls was mentally incompetent to intelligently dispose of his property, and while she stood in a fiduciary relation to said Charles Jolls, prevailed upon him to place the title to most of his property in joint tenancy with her, so that, upon his death, it would go to defendant, Maude Hamlin Burgess, as survivor, and induced the said Charles Jolls to make a will in her favor as beneficiary to the exclusion of plaintiffs in equity; that Elizabeth Skinner was appointed administratrix of the estate of Charles Jolls, deceased, by the probate court of Jackson county, and Maude Hamlin Burgess, defendant in equity, petitioned for the probate of an instrument purporting to be the last will and testament of Charles Jolls, deceased. Plaintiffs in equity pray for discovery, specific performance of the agreement with Charles Jolls to make a will leaving them all his property; that defendant turn over to plaintiffs the property.

which she obtained from said Charles Jolls, now deceased; that defendant, Maude Hamlin Burgess, be held to be a trustee of such property for the use and benefit of plaintiffs, an injunction restraining her from selling, assigning, disposing of, or incumbering any of the property so obtained, and to restrain her from proceeding upon her petition in the probate court, and for other relief.

A temporary injunction was issued as prayed.

Defendant, Maude Hamlin Burgess, answered, denying all of the material allegations of the bill of complaint, and moved to dissolve the injunction for the reasons the probate court had exclusive jurisdiction of the probate of wills; the property of Charles Jolls was placed in joint tenancy and defendant, Maude Hamlin Burgess, at his death, as survivor, took title thereto; there was no proof of the alleged agreement by which Charles Jolls was to make a testamentary disposition of his property in favor of plaintiffs in equity; there was no basis for specific performance, nor of constructive trust; the bill of complaint did not state a cause of action, and other grounds. This motion to dissolve the injunction was overruled, and defendant in the chancery case as plaintiff and petitioner here seeks mandamus to compel the circuit judge to set aside the order overruling the motion to dissolve the temporary injunction.

No motion to dismiss the bill of complaint was made. Had such motion been made, on its being overruled, this court might have reviewed the issue on appeal. Section 13753, 3 Comp. Laws 1915. The bill in equity states a valid agreement based upon a good and sufficient consideration moving to Charles Jolls, whereby he agreed to make a will leaving all his property to plaintiffs in equity and a violation

of such agreement on his part. It charges defendant in equity fraudulently induced him to so fix the title of most of his property in joint tenancy with her that at his death it would go to her instead of plaintiffs. Establishment of the alleged contract is a matter of proof. Its enforcement, if established, is a matter of right. That the title of the property was procured to be placed in joint tenancy with defendant in equity makes no difference. Joint tenancy is no defense to fraud but is a frequent means of attempting to consummate fraud.

Probate courts have always been regarded as courts for peculiar and limited purposes, which are outside ordinary litigation, and incapable of dealing completely with ordinary rights. *Detroit, etc., Ry. Co.* v. *Livingston Probate Judge,* 63 Mich. 676; *Godfrey* v. *White,* 60 Mich. 443 (1 Am. St. Rep. 537); *McKinney* v. *Curtiss,* 60 Mich. 611. 3 Comp. Laws 1915, § 13764, defines the power and jurisdiction of probate courts, but contains a proviso:

"That the jurisdiction conferred by this section shall not be construed to deprive the circuit court in chancery in the proper county of concurrent jurisdiction as originally exercised over the same matter." See *Tudhope* v. *Potts,* 91 Mich. 490; *In re Andrews' Estate,* 92 Mich. 452 (17 L. R. A. 296); *In re Butts' Estate,* 173 Mich. 504.

If equity has jurisdiction for any purpose it may retain such jurisdiction to grant complete relief. *Whipple* v. *Farrar,* 3 Mich. 436 (64 Am. Dec. 99); *Wales* v. *Newbould,* 9 Mich. 45; *Jones* v. *Smith,* 22 Mich. 360; *Miller* v. *Stepper,* 32 Mich. 194; *Wallace* v. *Wallace,* 63 Mich. 326; *Pleasant Lake Hills Corp.* v. *Eppinger,* 235 Mich. 174; *Gillen* v. *Wakefield State Bank,* 246 Mich. 158. A court of equity may decree specific performance of a contract to make a

will. *Carmichael* v. *Carmichael*, 72 Mich. 76 (1 L.
R. A. 596, 16 Am. St. Rep. 528); *Bird* v. *Pope*, 73
Mich. 483; *Wright* v. *Wright*, 99 Mich. 170 (23 L. R.
A. 196); *Bassett* v. *American Baptist Pub. Soc.*, 215
Mich. 126 (15 A. L. R. 213); Underhill on Wills,
§ 286. If defendant in equity obtained the property
of Charles Jolls in the way alleged, she holds it un-
der a constructive trust for plaintiffs which is pecu-
liarly within the power of a court of equity to con-
trol and enforce. *Huxley* v. *Rice*, 40 Mich. 73; *Gates*
v. *Cornett*, 72 Mich. 420; *Lockwood* v. *Lockwood*, 124
Mich. 627; *Cornell* v. *Whitney*, 132 Mich. 300; *Wool-
cott* v. *Woolcott*, 133 Mich. 643; *Weir* v. *Union Trust
Co.*, 188 Mich. 452; *Nesbitt* v. *Onaway-Alpena Tel.
Co.*, 202 Mich. 567; *Ridky* v. *Ridky*, 226 Mich. 459;
Pomeroy's Eq. (4th Ed.), § 951; Perry on Trusts
(7th Ed.), §§ 189–194.

The jurisdiction of a court of equity over con-
structive trusts is not affected by the statutes giving
probate courts jurisdiction of testamentary trusts.
3 Comp. Laws 1915, §§ 13764, 14094. On the face of
the bill in equity, plaintiffs are entitled to discovery,
specific performance of the contract, and an injunc-
tion restraining the disposition or incumbrance of
the property in dispute, held by the defendant as
constructive trustee, by her, and to have such prop-
erty held in *statu quo* until the equity case is dis-
posed of by final decree.

Probate courts have jurisdiction of the probate
of wills. 3 Comp. Laws 1915, § 13764; *Lloyd* v.
*Wayne Circuit Judge*, 56 Mich. 236 (56 Am. Rep.
378). The probate court is one of general jurisdic-
tion in testamentary and other probate matters.
*Church* v. *Holcomb*, 45 Mich. 29; *Allen* v. *Allen*, 209
Mich. 362; *Chapin* v. *Chapin*, 229 Mich. 515; *Rase-
man* v. *Raseman*, 234 Mich. 237. The probate court
is a special tribunal with general jurisdiction over

the probate of estates and ought not ordinarily to be enjoined from acting in matters of which it has jurisdiction, though the necessity of some equitable remedy or the prevention of irreparable injury may be sufficient grounds for an injunction.  32 C. J. p. 113.  If plaintiffs prevail in the suit in equity, no property will pass to the defendant therein by the will of Charles Jolls, deceased.  *Bassett* v. *American Baptist Pub. Soc., supra;* Underhill on Wills, § 286.

Mandamus is not a writ of right but one of discretion.  *Klatt* v. *Wayne Circuit Judge,* 212 Mich. 590.

"The rule may now be regarded as clearly settled, both upon principle and authority, that the granting or dissolving of injunctions is a matter of purely judicial discretion, and when this discretion has once been exercised, and the inferior court has refused to grant an injunction, or, if already granted, has refused to dissolve it, mandamus will not lie to control such decision."  High's Extraordinary Legal Remedies (2d Ed.), § 166, p. 151.

The rule above stated is one subject, in this State, to exceptions.

"Ordinarily, this court does not review the action of the circuit judge in injunction cases.  Where, however, as in this case, the return shows the question in dispute to be one of law, merely, it will consider the case."  *Ionia, etc., Ins. Co.* v. *Ionia Circuit Judge,* 100 Mich. 606 (32 L. R. A. 481).

"While ordinarily this court does not by mandamus review the action of a circuit judge in injunction cases, yet, where the return shows the question in dispute to be one of law merely, it will consider the case."  *Titus* v. *Chippewa Circuit Judge,* 168 Mich. 507.

"This court, as a rule, does not review by mandamus discretionary action of a trial court in granting a preliminary injunction and refusing to dis-

solve the same; but where the authority to issue turns solely upon a question of law, and the return shows no material questions of fact involved, the propriety of the writ will be considered." *B. Siegel Co.* v. *Wayne Circuit Judge,* 183 Mich. 145.

These cases recognize and establish in this State an exception to the general rule. The court holds it will consider the questions involved. In this case there is no want of jurisdiction of the subject-matter or of the parties. The continuance of the injunction issued until the chancery case is disposed of will result in no substantial injustice to petitioner. As the case now stands, defendants' rights are abstract and technical, and the questions raised do not go to the merits of the case. Under such circumstances, mandamus should be denied. 38 C. J. p. 653. The allegation of want of jurisdiction is not necessarily decisive.

"The court of equity can do full justice in this case, and, in the opinion of the judge of that court, the case is one which equity, rather than a jury, should try. In this we must assume the judge was right. We cannot review that question." *Mactavish* v. *Kent Circuit Judge,* 122 Mich. 242.

"Even an abuse of discretion by a circuit judge in granting and maintaining a preliminary injunction will not be reviewed on mandamus, when, without injury to the rights of the defendant, the case can be heard upon its merits." *Central Paving Co.* v. *Manistee Circuit Judge,* 132 Mich. 126.

Under the circumstances here involved, we think nothing calls for the use of the extraordinary remedy by mandamus, and the writ is denied, with costs.

Wiest, C. J., and Butzel, Clark, Sharpe, Fead, and North, JJ., concurred. McDonald, J., did not sit.