## TOPE v. BEAL et al.
### No. 6671.

Circuit Court of Appeals, Third Circuit.
July 15, 1938.
Rehearing Denied Aug. 12, 1938.

Harvey A. Miller and Miller & Nesbitt, all of Pittsburgh, Pa., and Raymond E. Steele, of Steubenville, Ohio, for appellant.

James K. Ruby, of Pittsburgh, Pa. (Alter, Wright & Barron, of Pittsburgh, Pa., of counsel), for appellees.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

In the court below the two plaintiffs, citizens of Pennsylvania, brought suit against defendant, a citizen of Ohio, to recover damages for breach of the oral contract hereafter noted. On trial plaintiffs recovered a verdict. Whereupon defendant entered an appeal to this court.

The first question involved is the alleged error of the court in refusing to set aside the service of summons. The allegation of defendant was that "the service of the writ in this case was accomplished by false representation made to and deceitful contrivance practiced upon defendant for the purpose of enticing him within the jurisdiction of this court, and defendant alleges that plaintiffs so enticed. defendant within the said jurisdiction for the purpose of having him served with process of this case." Testimony was taken, after which the court, for reasons stated in its opinion, held:

"The case was heard on this petition, answer and proofs. From these we are unable to find that the allegations of the petition have been sustained. On the contrary we find that the defendant came to Pittsburgh of his own motion, as evidenced by his letter of November 1, 1935 to Beal, one of the plaintiffs."

After due consideration of the proofs, we find the court was justified in so holding.

The next question involved, as we view it, is where by an oral contract (which was subsequently stated by defendant in a letter to one of the plaintiffs) defendant promised to convey to plaintiffs certain interests in an oil and gas lease in Michigan, in consideration of the plaintiffs first obtaining for him the entire lease, and the plaintiffs have fully performed, can the defendant defeat plaintiffs' recovery by reason of non-compliance with the Statute of Frauds of the State of Michigan, which provides that "Every contract * * * for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made." Comp.Laws 1929, § 13413.

After quoting at length defendant's letter to Beal, one of the plaintiffs, and Beal's reply thereto, the trial judge held:

"Our opinion is that these two letters state with such sufficient certainty the bargain between the parties as to be a memorandum within the meaning of the Michigan statute. It is not necessary that the memorandum itself constitute a contract and apart from its effect as a memorandum need have no legal operation. If there is a valid oral contract, of which the memorandum is an accurate statement, the memorandum may be either in whole or in part in the form of letter or letters. It is not necessary even that the names appear in the body of the memorandum but a signature will do in the case of a letter (Sections 567, 568, 569) of Williston on Contracts, Chapter XXI, Vol. 2 Revised Edition). Consideration need not be set out in the contract or agreement nor in the note or memorandum, but may be proved by any other legal evidence (Section 13414 of Compiled Statutes of Michigan.)

"We, therefore, conclude that the question of law and the effect of the Statute of Frauds must be decided in favor of the plaintiff."

In so holding the court committed no error and in support of that view we refer to several Michigan cases which in substance are that where a plaintiff has wholly performed an oral contract, the oral agreement was saved from the Statute of Frauds. Ruch v. Ruch, 159 Mich. 231, 124 N.W. 52; Jolls v. Burgess, 252 Mich. 437, 233 N.W. 372; Carmichael v. Carmichael, 72 Mich. 76, 40 N.W. 173, 1 L.R.A. 596, 16 Am.St.Rep. 528; Bassett v. American Baptist Publication Society, 215 Mich. 126, 183 N.W. 747, 15 A.L.R. 213.

Finding no error in the court's ruling on this basic and fundamental question, we limit ourselves to saying we find no error in the minor questions of damages, all of which have been fully considered by the court. So holding, the judgment below is affirmed.