## CARQUEVILLE et al. v. WOODRUFF et al.

### No. 10137.

Circuit Court of Appeals, Sixth Circuit.

March 11, 1946.

Emory J Smith, of Chicago, Ill., and Cable M. Gibson, of Columbus, Ohio, for appellants.

No brief filed for appellees.

Before SIMONS, MARTIN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant, Velma Carqueville, is the mother of a boy James born on July 21, 1934. On February 1, 1941 she married the coappellant Jeffery A. Carqueville. On October 31, 1942 the appellants joined in an

---

application in the County Court of Lake County, Illinois, the county of their residence, for the adoption of the child James, and as a result thereof a decree of adoption was awarded to them by that court. They allege in their petition for a writ of habeas corpus, filed in the District Court, that on November 21, 1942 the appellees Marguerite Woodruff and Leland Woodruff, residents of Washington County, Ohio, came to Lake County, Illinois, and against the will of the appellants surreptitiously took James Carqueville back to their home in Washington County, Ohio; that immediately thereafter in November 1942 the appellants filed a petition for a writ of habeas corpus in the Probate Court of Washington County, Ohio, against the appellees and in the trial of said action introduced in evidence the decree of adoption above referred to; that on December 22, 1942, the Judge of said Probate Court of Washington County, Ohio, entered an order which denied the petition and awarded the custody and control of the child James to the appellees; that upon January 21, 1943 an appeal was taken from this order of the Probate Court to the Court of Appeals, Common Pleas Court of Washington County, Ohio, which court affirmed the judgment of the Probate Court on June 16, 1943; that no review of that judgment was sought in the court of last resort for the State of Ohio because the transcript of evidence was not preserved and approved within the time provided for by law for the reason that the appellants were informed by their counsel that they could take no further legal steps or appeal, and that the judgment of said Court of Appeals, Common Pleas Court, was final and binding; and that relying upon the advice of said counsel they abandoned hope of securing relief in the State courts of Ohio and are now foreclosed from presenting their appeal on the merits to the court of last resort in Ohio. The application for the writ charges that the Judge of the Probate Court and the Court of Appeals, Common Pleas Court, of Washington County, Ohio, failed and refused to give full faith and credit to the decree of adoption "which was contrary to law and in violation of § 1, Article 4 of the Constitution of the United States." The District Court held that the petitioners (appellants) had not set forth a substantial federal question and denied the application for the writ.

█ █ The appellants, having failed to exhaust the state remedies available to them by not seeking a review of the rulings of the Ohio State Courts by its court of last resort, have no standing in their proceeding in the Federal District Court. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L. Ed. 791, 98 A.L.R. 406; Stonefield v. Buchanan, 6 Cir., 124 F.2d 23; Rowan v. People, 6 Cir., 147 F.2d 138; McCrae v. Jackson, 6 Cir., 148 F.2d 193. The incompetency or negligence of the attorney employed by the appellants does not constitute grounds for the application of the Fourteenth Amendment. Tompsett v. State of Ohio, 6 Cir., 146 F.2d 95. See also Norman v. United States, 6 Cir., 100 F.2d 905.

█ Nevertheless, considering the question on its merits, as was done by the District Judge, it is clear that the District Judge was correct in his ruling. In the absence of a federal question the whole subject of domestic relations of husband and wife and parent and child belongs to the jurisdiction of the State Courts. In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500; Clifford v. Williams, C.C.Wash., 131 F. 100; Ex parte Bell, D.C., 240 F. 758; Popovici v. Popovici, D.C., 30 F.2d 185. The present application presents no federal question. The record contradicts appellants' contention that the two Ohio courts failed and refused to give full faith and credit to the decree of adoption. The order of the Probate Court of Washington County, Ohio, which denied the writ in the State court recites that the cause was submitted upon the pleadings and the testimony and that from it the court found that the petitioner, Velma Carqueville, by conduct and agreement, later ratified in writing, relinquished to Marguerite Woodruff and her husband her rights to the child, and that the best interests and welfare of the child would be promoted by his remaining in the home of the defendants, found by the court to be a proper home for said child. The application admits that the order of the Probate Court of Washington County, Ohio, was entered "after the hearing of evidence for both sides and the argument of counsel." The record thus discloses that the court considered both the decree of adoption and other evidence offered and found sufficient evidence to justify the transfer of custody of the child from the parents to the appellees herein. The right of a parent to the custody and control of his child is not absolute, but may be lost by agreement, misconduct or unfitness. Bassett v. American Baptist Publication Soc., 215 Mich. 126, 183 N.

W. 747, 15 A.L.R. 213 Annotation at Page 223; Wilkinson v. Lee, 138 Ga. 360, 75 S.E. 477, 42 L.R.A.N.S. 1013, with annotation.

The order of the District Judge denying the application for the writ is affirmed.