**In the Matter of BRENDAN REILLY ASSOCIATES, INC., Bankrupt.**

**Quintino TESCIUBA, Creditor-Appellant,**

**v.**

**CAMBRIDGE FACTORS, Creditor-Appellee.**

**No. 148, Docket 32587.**

United States Court of Appeals
Second Circuit.

Argued Oct. 17, 1968.

Decided Dec. 26, 1968.

---

Anthony B. Cataldo, New York City, for creditor-appellant.

Howard C. Amron (Bendes, Stark & Amron, New York City), for creditor-appellee.

Before WATERMAN and MOORE, Circuit Judges, and BONSAL,* District Judge.

MOORE, Circuit Judge:

This is an appeal from one phase of extended bankruptcy proceedings involving Quintino Tesciuba, doing business as Mutual Trade Enterprises Company; Cambridge Factors (Cambridge), a financing agent; and Brendan Reilly Associates, Inc., a bankrupt manufacturer of furniture. See In re Brendan Reilly Associates, Inc., 372 F.2d 235 (2d Cir. 1967). Tesciuba, appellant herein, supplied marble on consignment to the bankrupt, which used the marble for table tops. Cambridge, which made secured advances to the bankrupt, paid for the marble as it was used. The value of the marble on the bankrupt's premises on the date of the filing of the petition in bankruptcy, March 6, 1964, was found by the Hon. Edward J. Ryan, Referee in Bankruptcy, to be $14,480.12. On April 2, 1964, after discovering that the bankrupt was still using the marble on the premises but that no corresponding payments were being remitted by Cambridge, Tesciuba petitioned the Referee for payment of the value of the marble used up to that date ($1,721.00), the return of all unused marble, and an accounting of all other marble used after that date. On April 9, 1964, the Referee issued an order granting Tesciuba's re-

* Of the Southern District of New York, sitting by designation.

quests. Following some preliminary proceedings, Cambridge tendered a check in the amount of $1,721.00 to Tesciuba. The check was refused because it bore the printed legend "THIS CHECK IS ACCEPTED IN FULL PAYMENT OF THE FOLLOWING ACCOUNT." On June 29, 1964, Judge Tyler of the United States District Court for the Southern District of New York held Cambridge in contempt for failure to pay the amount of $1,721.00 and levied a fine of $1,000.00 upon Cambridge. On July 20, following a motion for reargument, the same check, with the objectionable printed legend crossed out, was re-tendered to and accepted by Tesciuba. Judge Tyler specifically expunged the June 29, 1964 order holding Cambridge in contempt, reduced the fine to $250, and ordered that the concluded contempt proceedings were to be "without prejudice to the balance of the proceedings hereunder to take place before the Hon. Edward J. Ryan."

After the passage of more than three years, during which time both parties, according to the record, must share some responsibility for causing delay, the district court, Wyatt, Judge, ordered the Referee to proceed with the accounting as required by the order of April 9, 1964. On November 3, 1967, the Referee found that Cambridge owed Tesciuba $7,121.86, a figure representing the above-mentioned total value of the marble ($14,480.12) minus the value of marble returned to Tesciuba ($5,637.14) and the check accepted by Tesciuba ($1,721.00).[1] This amount was awarded without interest and each party was directed to bear its own costs. Both parties moved in the district court to review the Referee's decision. The court denied both motions from which order Tesciuba alone appeals.

■ Tesciuba first asks reversal on the ground that Cambridge, in collusion with the bankrupt, committed the tort of conversion and, in fact, owes Tesciuba not $7,121.86 but $16,000. In support of this theory, Tesciuba cites New York case law. But, as pointed out by the Referee and the district court below, this theory is an afterthought, introduced by Tesciuba only during the latter part of the 1967 accounting proceedings. It was not given consideration during any of the 1964 proceedings, during which Tesciuba had sought only the return of the marble or compensation of the invoice value thereof ($14,480.12). The record is barren of any evidence of conversion. Furthermore, to grant Tesciuba's request would be to allow a total recovery of more than $23,000. Tesciuba cannot recover a windfall of $8,000 by tardily espousing an unsupported conversion theory.

Neither can Tesciuba recover interest customarily applied to conversion awards since we find no conversion here.

■■ Tesciuba is also misguided in asserting that he is entitled to costs and attorney's fees incurred during these proceedings, on a theory of contempt enforcement. Judge Tyler's order of July 20, 1964 specifically purged Cambridge of its earlier contempt and, upon levying the moderate fine of $250, ordered that the contempt proceedings should not prejudice the remaining litigation. Neither are we persuaded that the Referee erred in concluding that each party herein should bear its own costs. § 2a(18) of the Bankruptcy Act permits the Referee, on his own discretion, to assess costs in part to each of the parties. 1 Collier on Bankrupcy, Par. 2.71 (1968). We have examined the record and find no abuse of discretion therein.

The order of the district court is affirmed.

1. We note, in passing, that a computation here yields a result of $7,121.98, $0.21 more than the awarded figure.