James W. SMITH, Plaintiff-Appellant,

v.

Charles MARTIN et al.,
Defendants-Appellees.

No. 75–1665.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 10, 1975.

Decided Oct. 12, 1976.

Howell W. Vincent, Covington, Ky., for plaintiff-appellant.

James F. Clay, Clay & Clay, Danville, Ky., for Charles Martin and Stanford Wood Products.

Harbison, Kessinger, Lisle & Bush, Lexington, Ky., Clay & Marye, Mount Sterling, Ky., for Joe Hanson and Florsheim.

James S. Carroll, Lexington, Ky., James G. Sheehan, Jr., Danville, Ky., for Citizens National Bank and Ebb Bell.

William E. Hensley, Corbin, Ky., for Tom Alexander and Tom Alexander, Inc.

C. R. Luker, London, Ky., for First National Bank of London, Ky., and Don Edwards.

Lester Burns, Burnside, Ky., for Robert Cato and O. D. Bruner.

J. Milton Luker, London, Ky., for Corabelle Driskill and Robert L. Milby.

Roy E. Tooms, Brown & Tooms, London, Ky., for Second National Bank of London, Ky., and Warren Little.

Coleman Moberly, London, Ky., for Elden F. Keller and Harriett Keller.

B. Robert Stivers, London, Ky., for Elsie Doyle, Glenn Doyle and William H. Bowling.

Grant F. Knuckles, James S. Wilson, Pineville, Ky., for Robert H. Helton, Jr.

Burns & Mitchell, Somerset, Ky., for Robert Cato and O. D. Bruner.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

We consider an appeal from summary judgment in favor of defendant-appellee Robert H. Helton, Jr. on the grounds of judicial immunity, and from an order dismissing the complaint against the remaining 22 defendants because of plaintiff-appellant's lack of standing to maintain the action. The action was brought under 28

U.S.C. §§ 1331 and 1343 and under 42 U.S.C. §§ 1981–1988 for two million dollars damages against 23 defendants who were charged with conspiring to deprive plaintiff and his clothing and apparel business of the equal protection of the laws of the Commonwealth of Kentucky and of the laws of the United States of America. It charged that the conspiracy was accomplished, *inter alia,* by filing false complaints in the state circuit court with the result that orders were issued restraining plaintiff from entering his place of business which was padlocked by court order. These and other calamitous consequences resulted in plaintiff's loss of national franchises with apparel manufacturers and in the appointment of a receiver for the complete liquidation of his business inventory.

On appeal, Smith contends that the court erred in treating his cause of action as one for injury to a corporation. He asserts that instead, he pleaded injury as a result of defendants' conspiratorial action to himself as an individual. He also contends that appellee Helton, a judge of the Circuit Court of Laurel County, Kentucky, lost his judicial immunity by participating in a conference held in the office of a defendant who had served as plaintiff's attorney. We affirm.

■ The district court was correct in its holding that a stockholder cannot maintain an action under the Civil Rights Act for damages suffered by a corporation in which he owns shares. *Erlich v. Glasner,* 418 F.2d 226 (9th Cir. 1969). Although appellant is correct in his contention that the court did not consider his claim of a conspiracy to injure him as an individual, we nevertheless hold that the action was properly dismissed.

■■ Although most of the 23 defendants were private citizens not acting under color of state law, they are, nevertheless, as private citizens subject to suit under 42 U.S.C. § 1985(3) for conspiracy to deny a citizen the equal protection of the laws. *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790 (1971). Such an action, however, must be founded on a class-based invidious discrimination. *O'Neill v. Grayson County*

*War Memorial Hospital,* 472 F.2d 1140 (6th Cir. 1973); *Cameron v. Brock,* 473 F.2d 608 (6th Cir. 1973); *Azar v. Conley,* 456 F.2d 1382 (6th Cir. 1972). Appellant does not contend that there was ". . . some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge, supra,* 403 U.S. at 102, 91 S.Ct. at 1798. Accordingly, the action may not be maintained against the private defendants.

There are, however, defendants who as public employees might be held to have acted under color of state law for the purpose of suit under 42 U.S.C. § 1983. These defendants are the Sheriff of Boyle County, the Sheriff of Laurel County, the circuit court clerk and deputy circuit court clerk, the court-appointed receiver, and Judge Robert Helton in whose favor the district court entered summary judgment on the grounds of judicial immunity.

Appellant contends that Judge Helton "doffed his robe of judicial immunity by his participation in a conference held at the office of defendant Cato" and that he threatened, coerced, and intimidated plaintiff "by indicting him upon a baseless charge in the Laurel Circuit Court charging [him] with the offense of selling or disposing of mortgaged property; and in denying [him] a speedy trial of said indictment. . . ."

■ Extensive depositions were taken from which it clearly appears that Judge Helton's role throughout the litigation in state court was solely that of a duly qualified circuit judge acting within his judicial jurisdiction. Accordingly, contrary to appellant's contention, Judge Helton did not lose his judicial immunity by conducting a settlement conference in a place other than his courtroom at which all parties were present with their attorneys. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), *Azar v. Conley, supra.*

■ We hold that other state governmental officers whose duties are related to the judicial process also should be insulated from personal liability when they, without malice or corrupt motive, carry out orders

of a court. *Sullivan v. Kelleher,* 405 F.2d 487 (1st Cir. 1968). Appellant has not alleged that the sheriffs, the court clerk and his deputy, or the receiver acted either outside their authority under court order or maliciously or corruptly, and he has not pointed to any evidence developed during the lengthy discovery that would support such a charge. This doctrine, unlike the rule of judicial immunity, has limitations which we find unnecessary to explore here. *Cf. McCray v. Maryland,* 456 F.2d 1 (4th Cir. 1972).

This appeal presents issues similar to those in *Stathas v. Cox,* 539 F.2d 711 (6th Cir. 1976) in which a special panel of this court appointed pursuant to Sixth Circuit Rule 3(e) determined that the questions presented there were properly cognizable by the state courts, and held that the appeal was so unsubstantial as to permit summary affirmance under Sixth Circuit Rule 8. *See also, Graves v. Sneed,* 541 F.2d 159 (6th Cir. 1976), where Chief Judge Phillips stated, "This case involves yet another effort to make a federal question out of litigation where exclusive jurisdiction is in State courts."

AFFIRMED.