**Joanne MACKO, Helen Mertineit and John Szabo, Plaintiffs-Appellants,**

v.

**Barry BRYON, Melvin G. Schaeffer, Sabby J. DeFrank, Robert Morehead, Mortan O'Ryan, Lawrence O'Connell, George Kraincic, Marilyn Monzula, Paul Mitrovich, Stephen John Futterer, Defendants-Appellees.**

No. 79–3473.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 6, 1980.

Decided Feb. 19, 1981.

Joanne Macko, pro se.

Helen Martineit, pro se.

John Szabo, pro se.

Burt Fulton, Cleveland, Ohio, for De-Frank, Morehead, O'Ryan, O'Connell, Kraincic.

Mark O'Neill, Cleveland, Ohio, for Byron, Schaeffer, Monzula.

Before LIVELY and KEITH, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

In this civil rights action the plaintiffs alleged constitutional violations by the defendants following circulation by the plaintiffs of recall petitions against various public officials of the City of Willoughby Hills, Ohio. The district court dismissed the defendants Mitrovich and Futterer, the prosecutor and assistant prosecutor of Lake County, Ohio, on the basis of prosecutorial immunity and granted summary judgment in favor of the other defendants.

In their complaint as amended the plaintiffs charged separate constitutional violations in three counts related to alleged ac-

tivities of the various defendants taken in response to the recall petitions. The first two counts were based on 42 U.S.C. § 1983, and the third count was brought under 42 U.S.C. § 1985. The gravamen of the first count was that the defendant Monzula, Clerk of the City Council of Willoughby Hills, acting under color of state law and in concert with other defendants, refused to validate the petitions and otherwise acted to render them invalid and to prevent the petitions from appearing on the November 1976 ballot. It was claimed that these activities deprived the plaintiffs of equal protection of the laws and of privileges and immunities guaranteed by the 14th Amendment to the Constitution.

The district court granted summary judgment on this claim on the basis of a decision by the Supreme Court of Ohio which held that the recall petitions of the plaintiffs were invalid. This decision was rendered by the Ohio Court in a mandamus action brought by these plaintiffs to require the defendant Monzula to certify the petitions to the city council for inclusion on the ballot. *See State ex rel. Macko v. Monzula,* 48 Ohio St.2d 35, 356 N.E.2d 493 (1976).

The district court reasoned that the first count in the present action was premised entirely on the existence of valid recall petitions. Since the Ohio Supreme Court had held the petitions invalid, the defendant Monzula did not act unlawfully in refusing to certify them and there could have been no illegal conspiracy between Monzula and the other defendants to keep the petitions off the ballot. We agree with the district court and affirm the order insofar as it granted summary judgment on the claim contained in count one of the complaint.

The second count of the complaint charged that the prosecutor and assistant prosecutor violated constitutional rights of the plaintiffs by maliciously causing them to be indicted and arrested for perjury and other offenses in connection with the recall petitions. The other defendants were charged in essence with conspiring with the two prosecutors, acting under color of state law, to deprive plaintiffs of the constitutional right to petition for redress of grievances and their right to be free of unlawful prosecution and arrest. The district court held that the two prosecutors were entitled to immunity from a suit for damages for actions taken in their official capacities. On appeal the plaintiffs contend that these two defendants were acting in an investigating, rather than a prosecuting role. However, our examination of the allegations of the complaint leads to the conclusion that the activities of the two prosecutors which were the basis of count two were within the scope of their duties in initiating and pursuing a criminal prosecution. A state prosecuting attorney, so acting, is absolutely immune from a civil suit for damages under 42 U.S.C. § 1983. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The order dismissing the defendants Mitrovich and Futterer is affirmed.

The district court granted summary judgment to the remaining defendants on the claim contained in count two. It reasoned that with dismissal of the only two state officials clothed with authority to initiate criminal prosecutions, the allegations against the other defendants failed to state a claim of conduct "under color of law" as required to support recovery under 42 U.S.C. § 1982:

> As the public officials alleged to have procured the indictments have been dismissed from the action the defendants who are alleged to have conspired with such officials as regards prosecution of the plaintiffs are not subject to suit under § 1983. *Kurz v. State of Michigan,* 548 F.2d 172, 173, 175 (CA 6, 1977).

In making this ruling the district court did not have the benefit of the recent decision of the Supreme Court of the United States in *Dennis v. Sparks and Lynd,* —— U.S. ——, 101 S.Ct. 183, 66 L.Ed.2d 185, (1980). In that case a claim for damages under § 1983 was based upon an alleged unlawful conspiracy between a judge and other defendants who were private parties. The Supreme Court held that immuni-

**450**

ty of the judge did not require dismissal of the claim against the other parties accused of conspiring with him. The allegation of joint action with a state official satisfies the requirement of § 1983 that the unlawful actions of the other defendants be taken under color of state law, even though the state official in question enjoys absolute immunity. This court's decision in *Kurz v. State of Michigan* was impliedly overruled in *Dennis v. Sparks and Lynd.* The order of the district court granting summary judgment in favor of the defendants O'Connell, DeFrank, Morehead, O'Ryan, Kraincic, Bryon, Schaeffer and Monzula on the claim set forth in count two of the complaint is vacated and the cause is remanded for further proceedings with respect thereto.

The claim in the third count of the complaint is based on 42 U.S.C. § 1985(3). All prior allegations were incorporated by reference and the defendants were charged with conspiracy to deprive the plaintiffs of rights guaranteed by the Constitution of the United States. The two prosecutors had been dismissed prior to the addition of this claim in the amended complaint. The district court granted summary judgment upon finding that the amended complaint contains no allegation "that defendants acted with a class-based invidiously discriminatory animus." The district court properly construed the requirements for a claim under § 1985(3). Though state action is not required, there must be some cognizable class which is the object of the conspiracy. *See Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). The order granting summary judgment in favor of the defendants with respect to the claim contained in count three of the amended complaint is affirmed.

The cause is remanded to the district court for further proceedings.