831 F.2d 293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Durelle BOLES, Plaintiff-Appellant,
v.
Charles D. HASTON, et al., Defendants-Appellees.
 No. 86-5241
 United States Court of Appeals, Sixth Circuit.
 October 5, 1987.
 
 Before NATHANIEIR. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 RALPH B. GUY, Jr., Circuit Judge.
 
 
 1
 Plaintiff Boles appeals from the district court's dismissal of his 42 U.S.C. Sec. 1983 action which sought money damages from seven defendants including the state of Tennessee and two state court judges.
 
 
 2
 Plaintiff's federal action was the aftermath of a state court proceeding apparently involving a landlord-tenant dispute between defendant Toole and Boles.[1] Boles was a tenant of Toole and had ceased paying rent. Toole filed an Unlawful detainer action against Boles in the Knox County General Sessions Court in December of 1984 and was awarded possession of the property and back rent. Boles appealed and was permitted to stay in possession pending a trial de novo in Chancery Court. We are left to guess what happened after this. It would appear that Boles claimed that he was justified in not paying his rent and further that his right to stay in possession pending appeal was interfered with.
 
 
 3
 While the state litigation was in progress, Boles instituted this Sec. 1983 action. The state litigation was ultimately resolved against Boles after which he added Judge Haston and Judge Evans to this litigation as defendants. Upon a review of what record we have available and after a careful analysis of Boles' pro se claims, we conclude that Judge Hull disposed of this litigation in an appropriate manner and we affirm.
 
 I. The Judicial Defendants
 
 4
 Although Boles alleges several acts of wrongdoing against the two state judge defendants, it is clear that whatever they did was done in their judicial capacity. When acting in a judicial capacity, a judge enjoys absolute immunity from civil liability of the kind sought to be imposed here. Suits brought pursuant to 42 U.S.C. Sec. 1983 are no exception to this rule. Pierson v. Ray, 386 U.S. 547 (1967).
 
 
 5
 A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'
 
 
 6
 Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)) (footnote omitted).
 
 
 7
 It is thus clear that defendants Evans and Haston were properly dismissed.
 
 II. The State of Tennessee
 
 8
 The state of Tennessee cannot be a proper defendant in this Sec. 1983 action for a number of reasons. To begin with, a state is not a 'person' and thus not subject to the provisions of 42 U.S.C. Sec. 1983. Monell v. New York Dept. of Social Services, 436 U.S. 658 (1978).
 
 
 9
 More importantly, however, the state of Tennessee is protected by the eleventh amendment from suits to which it has not consented to be a party. Edelman v. Jordan, 415 U.S. 651 (1974). This is true even when the suit is brought pursuant to 42 U.S.C. Sec. 1983. Quern v. Jordan, 440 U.S. 332 (1979).
 
 
 10
 Judge Hull correctly dismissed the state of Tennessee from this litigation.[2]
 
 III. The Four Individual Defendants
 
 11
 42 U.S.C. Sec. 1983 requires that individuals act under 'color of law' before this statutory provision becomes applicable. Defendants McGovern, McCollum,[3] Toole and Flynn hold no public positions and thus could not be acting under 'color of law' in their individual capacities. Individually their conduct would not constitute state action. However, in Dennis v. Sparks, 449 U.S. 24, 27 (1980), the Supreme Court held that dismissal of all defendants capable of acting under color of law due to their office or position does not necessarily require dismissal of private citizens accused of conspiracy with them. Private persons jointly engaged with state officials are acting under color of law for purposes of Sec. 1983 actions. Macko v. Bryon, 641 F.2d 447, 449-50 (6th Cir. 1981), later appeal, 760 F.2d 95 (6th Cir. 1985).
 
 
 12
 There is no doubt that Boles' federal court complaint speaks of 'concerted action' among the federal court defendants but as far as the complaint discloses, their 'concerted action' consisted of nothing more than participating as judges, attorney, and parties in the same or related litigation. This is a far cry from the situation in Dennis where the litigants allegedly bribed a state court judge to issue an injunction that was subsequently dissolved by a state appellate court as having been illegally issued. Although in his brief Boles does claim that attorney Flynn appeared to exercise Svengali-like power over the judges involved in this litigation, the complaint itself alleges nothing but conclusory allegations and sets forth the type of concerted action which is incident to every adversarial judicial proceeding.
 
 
 13
 It appears clear that what Boles really seeks to accomplish in this litigation is to have a federal court conduct a review of state court proceedings which Boles feels were wrongly concluded in favor of his opponents. This a federal court cannot do.
 
 
 14
 The dismissal of plaintiff's complaint is AFFIRMED.
 
 
 
 [1]
 The court has very little factual information before it since no appendix was filed in this case and the briefs are not helpful. The plaintiff's brief is rambling and incoherent and the defendants, apparently treating this as frivolous litigation, have filed only very sparse briefs
 
 
 [2]
 We note also that the only liability alleged against the state is derivative in nature. Derivative liability (respondeat superior) is not a basis on which Sec. 1983 relief can be grounded. Monell v. Dept. of Social Services, supra
 
 
 [3]
 McGovern and McCollum have apparently filed no briefs or otherwise appeared in this appeal