869 F.2d 1492
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon E. RODMAN, Plaintiff-Appellant,
v.
Maxine DALTON; Christopher E. Veidt, Defendants-Appellees.
 No. 88-3303.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1989.
 
 Before MERRITT and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se Ohio state prisoner appeals the district court's entry of summary judgment in favor of defendants in his civil rights suit filed under 42 U.S.C. Sec. 1983. Plaintiff alleged that he had been denied due process, equal protection, and access to the courts by the defendants, the Common Pleas Court Clerk and Prosecuting Attorney of Hocking County, Ohio. Plaintiff sent an appeal brief in a state suit to the clerk, who informed him that he needed to file four copies unless the court ordered otherwise. Rather than pursue this remedy, plaintiff filed the suit below. On appeal, he reasserts his claims, and argues that the district court erred in denying him a jury trial. He has also demanded the recusal of several district and circuit court judges on the basis of their alleged bias.
 
 
 3
 Upon consideration, we affirm the district court's order of summary judgment. Plaintiff was not entitled to a jury trial as there is no genuine issue of material fact, and defendants were entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Plaintiff did not allege that he was unable to file the required number of copies. He was informed that he could seek a court order to allow the filing of a single brief, but chose not to take advantage of this remedy. The district court also correctly concluded that court clerks are absolutely immune from liability for acts performed at the direction of the court. See Smith v. Martin, 542 F.2d 688, 690-91 (6th Cir.1976) (per curiam), cert. denied, 431 U.S. 905 (1977).
 
 
 4
 Moreover, plaintiff's conclusory allegations of judicial bias are insufficient to mandate recusal. Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir.) (per curiam), cert. denied, 449 U.S. 834 (1980). Recusal is appropriate only when bias is based on extrajudicial actions, rather than judicial actions in prior litigation unfavorable to the complaining party. Invst Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 402 (6th Cir.), cert. denied, 108 S.Ct. 291 (1987).
 
 
 5
 The judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.