894 F.2d 408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Everett SMITH, Plaintiff-Appellant,
v.
Morris LOWE, Commonwealth Attorney; Joseph Kerwin,
Assistant Commonwealth Attorney; Pat Howell Dotson, Clerk;
Bobby Bunch; Jailer; Glen Woods, Commonwealth Detective;
Cecil Beach; Travis Brown, Defendants-Appellees.
 No. 89-5682.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 The pro se Kentucky prisoner appeals the dismissal of his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Everett Smith was arrested on a warrant for probation violation in Bowling Green, Warren County, Kentucky. Seeking monetary damages, declaratory and injunctive relief, Smith alleged that his arrest was unconstitutional and that he was illegally incarcerated for 36 days. The defendants are the Commonwealth Attorney, Assistant Commonwealth Attorney, Circuit Court Clerk, Commonwealth Detective, County Jailer and two city of Bowling Green police officers.
 
 
 3
 The district court dismissed the action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.
 
 
 4
 Upon review of the record and briefs, we conclude that the district court did not err. Smith failed to state a claim upon which relief can be granted. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 5
 Members of the Commonwealth Attorney's office are immune from liability under Section 1983 when acting within the scope of their duty in prosecuting criminal cases. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). The Circuit Court Clerk is entitled to immunity under the facts as alleged by Smith. See Smith v. Martin, 542 F.2d 688 (6th Cir.1976), cert. denied, 431 U.S. 905 (1977).
 
 
 6
 Smith alleged nothing in his complaint that would make the County Jailer, city police officers, or Commonwealth Detective subject to liability under Section 1983.
 
 
 7
 Accordingly, for the reasons set forth in the district court's memorandum dated May 3, 1989, we hereby affirm the order of the district court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.