51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lee NORRIS, Plaintiff-Appellant,
v.
STARK COUNTY, OH; City of Canton; Canton Township; Stark
County Crime Laboratory; Michele Mitchell, Criminalist;
John Doe, Stark County Crime Laboratory Director; Jane Doe,
Stark County Crime Laboratory Director; Kristine W. Rohrer,
Assistant Prosecuting Attorney; Maureen A. Walsh, Assistant
Prosecuting Attorney; Robert D. Horowitz, Prosecuting
Attorney; Lester Baroni, Sgt. Detective, Canton Police
Department; Canton City Police Department; Jane Doe,
Statutory Agent-Officers of Canton City Police Department;
John Doe, Statutory Agent-Officers of Canton City Police
Department, Defendants-Appellees.
 No. 94-4142.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1995.
 
 1
 Before: MILBURN, RYAN and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 Robert Lee Norris, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Secs. 1983, 1985, 1986, and 1988, as well as pursuant to 18 U.S.C. Sec. 1962 (the RICO Act). Additionally, Norris has filed a motion to supplement the joint appendix, and the defendants have responded. Norris also requests oral argument. Named as defendants are: Stark County, Ohio; City of Canton; Stark County Crime Laboratory; Michele Mitchell; Jane/John Doe Director of the Stark County Crime Laboratory; the Stark County Prosecutor's Office; Kristine W. Rohrer; Maureen A. Walsh; Robert D. Horowitz; Lester Baroni; Canton City Police Department; the City of Massillon; the Massillon City Police Department, and Massillon Police Detective Schnell. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The complaint alleged that the defendants conspired to conceal exculpatory evidence from Norris prior to his criminal trial and conviction for kidnapping and two counts of rape. Norris sought injunctive and monetary relief against the defendants in their individual and official capacities. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d), after concluding that the allegations set forth in Norris's complaint challenged the validity of his conviction and resulting confinement and could not be raised in a civil rights action prior to a determination that the conviction and resulting confinement was invalid. This appeal followed.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion when it dismissed Norris's complaint as frivolous. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Norris's complaint is subject to dismissal because a judgment in his favor would imply the invalidity of his conviction and resulting confinement. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). In order to recover damages in an action brought pursuant to 42 U.S.C. Sec. 1983 (and the RICO act) for an allegedly unconstitutional conviction or imprisonment, or for "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 2372. See also Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985) (per curiam). A Sec. 1983 cause of action for damages (or a RICO claim) attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Heck, 114 S.Ct. at 2373.
 
 
 5
 As stated previously, Norris alleged that the defendant conspired to conceal exculpatory evidence prior to Norris's criminal trial. This claim clearly impacts on the validity of his confinement. Because a decision in Norris's favor would necessarily imply that his conviction and resulting confinement are invalid, his complaint was properly dismissed.
 
 
 6
 Additionally, dismissal of Norris's conspiracy claims is proper because Norris did not allege that the defendants were motivated by an intent to discriminate on the basis of race or some other class-based invidiously discriminatory animus. See United Bhd. of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Wolotsky v. Huhn, 960 F.2d 1331, 1338 (6th Cir.1992). Norris has failed to allege membership in a protected class and discrimination based upon such membership. The failure to allege membership in a protected class, and discrimination based upon such membership, requires dismissal of Norris's Sec. 1985 claim. See Macko v. Bryon, 641 F.2d 447, 450 (6th Cir.1981) (per curiam); Smith v. Martin, 542 F.2d 688, 690 (6th Cir.1976) (per curiam), cert. denied, 431 U.S. 905 (1977). Also, dismissal was proper as to Norris's Secs. 1986 and 1988 claims because Secs. 1986 and 1988 contain no substantive provisions. See 42 U.S.C. Secs. 1986 and 1988.
 
 
 7
 For the foregoing reasons, the request for oral argument is denied, the motion to supplement the joint appendix is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation