**Miguel A. GARGALLO, Plaintiff-Appellant,**

v.

**Tecla GARGALLO, Defendant-Appellee.**

**No. 72–1462.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 29, 1972.

Decided Jan. 31, 1973.

**1220**

belongs to the laws of the states, and not to the laws of the United States." 136 U.S. at 593–594, 10 S.Ct. at 853. Subsequent decisions have been in accord. Hernstadt v. Hernstadt, 373 F.2d 316 (2d Cir. 1967); Harris v. Turner, 329 F.2d 918, 923 (6th Cir. 1964); Carqueville v. Woodruff, 153 F.2d 1011 (6th Cir. 1946).

Under the above rule, we hold the District Court was correct in its finding that federal courts lack jurisdiction over the subject matter.

Affirmed.

Miguel A. Gargallo, in pro. per.

Paul A. Scott, Tyack, Scott & Colley, Columbus, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This is a diversity action brought by Miguel A. Gargallo against Tecla Gargallo in which Mr. Gargallo alleges that Mrs. Gargallo illegally removed his three minor children from the State of Ohio. Mr. Gargallo requests that an order issue restraining Mrs. Gargallo from removing the children from this country and ordering her to return these children to the State of Ohio. He further demands $50,000 in compensatory and punitive damages for her wrongful acts. Upon its own motion the District Court dismissed this action for lack of jurisdiction of subject matter. We affirm.

This is essentially a child custody case. While the language of the diversity statute, 28 U.S.C. § 1332, may be broad enough to encompass this action, this court is bound by the long standing exception to the statute that federal courts will not accept jurisdiction in domestic relations cases, Barber v. Barber, 62 U.S. (21 How.) 582, 584, 16 L.Ed. 226 (1858). In 1890 this rule was found to encompass child custody cases, In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500. There the Court stated: "The whole subject of the domestic relations of husband and wife, parent and child,