**Nathaniel DENMAN et al.,
Plaintiffs-Appellants,**

**v.**

**James K. LEEDY et al., Defendants-
Appellees.**

**No. 72-1621.**

United States Court of Appeals,
Sixth Circuit.

June 8, 1973.

. . .

Nathaniel Denman, pro se.

Richard Kauffman, Wooster, Ohio, Frank Seth Hurd, Weston, Hurd, Fallon, Sullivan & Paisley, Cleveland, Ohio, Joseph H. Ellison, Mansfield, Ohio, Robert W. Lett, Ashland, Ohio, Eben G. Crawford, and Burt J. Fulton, Cleveland, Ohio, for defendants-appellees; Squire, Sanders & Dempsey, Eben G. Crawford, Richard B. Bowles, and Hauxhurst, Sharp, Mollison & Gallagher, Burt J. Fulton, Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, and KENT * and LIVELY, Circuit Judges.

PER CURIAM.

For many years appellant Nathaniel Denman has been engaged in embittered strife with his estranged wife, Mrs. Frances Denman. Their conflicts have resulted in the institution of several lawsuits. This action was brought on behalf of Nathaniel Denman and his seven children under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1985(3), and the diversity statute, 28 U.S.C. § 1332, in the United States District Court for the Northern District of Ohio. Thirty-six defendants were named, including members of Mrs. Denman's family, various public officials of the State of Ohio, County of Wayne and City of Wooster, and several additional private parties. The complaint alleged that the defendants had conspired to "deprive the plaintiffs of their mutual care, companionship, love and affection." Additionally several specific acts of alleged wrongful conduct were listed. The District Court dismissed the complaint for failure to state a claim upon which relief can be granted. We affirm.

There are several reasons requiring our affirmance of the District Court. First, it is readily apparent that the substance of this claim is an intrafamily custody battle. As such this court has no jurisdiction to entertain the present suit. In re Burrus, 136 U.S. 586, 10 S. Ct. 850, 34 L.Ed. 500 (1890); Gargallo v. Gargallo, 472 F.2d 1219 (6th Cir. 1973); Harris v. Turner, 329 F.2d 918 (6th Cir.), cert. denied, 379 U.S. 907, 85 S.Ct. 202, 13 L.Ed.2d 180 (1964); Carqueville v. Woodruff, 153 F.2d 1011 (6th Cir. 1946).

Second, the complaint fails to allege a valid cause of action under § 1983. A careful examination of the complaint demonstrates that the only assertion involving federally protected rights is the allegation that the Clerk of the Municipal Court of Wooster, Ohio, improperly failed to fix bail for Nathaniel Denman following an arrest. Under Ohio law the Clerk of the court may fix bail in misdemeanor cases. § 2937.23, Ohio Rev. Code. As the plaintiffs' charge relates to an act performed by the Clerk within the scope of his official quasi-judicial duties, this defendant is entitled to immunity. Davis v. McAteer, 431 F.2d 81 (8th Cir. 1970); Stewart v. Minnick, 409 F.2d 826 (9th Cir. 1969); Sullivan v. Kelleher, 405 F.2d 486 (1st Cir. 1968).

Third, the complaint fails to set forth a cognizable cause of action under § 1985(3). Here there is no allegation of a racial or otherwise class based invidiously discriminatory animus behind the actions of the alleged conspirators. Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); Crabtree v. Brennan, 466 F.2d 480 (6th Cir. 1972).

Affirmed.

* Judge Kent participated in the decision in this case and concurred in this opinion prior to his death on May 28, 1973.