869 F.2d 1488
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Duane K. BROWN, Plaintiff-Appellant,
v.
George M. GLASSER, Judge; Carol A. Pietrykowski, Clerk of
Courts, Defendants- Appellees.
 No. 88-3993.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1989.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and BERNARD A. FRIEDMAN, District Judge.*
 
 ORDER
 
 2
 Duane Brown, a pro se Ohio prisoner, moves for the appointment of counsel, and appeals the district court's judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, plaintiff sued Glasser, a Lucas County, Ohio Common Pleas judge, and Pietrykowski, the Clerk of Courts for Lucas County, alleging they violated his due process rights by not sending him a copy of the judge's order denying his motion for post-conviction relief thereby depriving him of the opportunity to timely appeal the order to the Ohio appellate courts. The magistrate recommended that defendants' motion to dismiss, filed pursuant to Fed.R.Civ.P. 12(b)(6), be granted finding that the judge was entitled to absolute immunity, and the clerk's personal liability could not be predicated upon respondeat superior. The district court adopted the magistrate's recommendation over plaintiff's timely objections.
 
 
 4
 Upon review, we affirm the district court's dismissal. A judge acting in a judicial capacity is absolutely immune from a damage suit even if he acted corruptly, erroneously or in excess of jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356-59 (1978); King v. Love, 766 F.2d 962, 965-66 (6th Cir.), cert. denied, 474 U.S. 971 (1985).
 
 
 5
 Likewise, plaintiff failed to state a claim against the clerk because judicial support staff are entitled to quasi-judicial immunity, absent evidence that they have acted maliciously or corruptly. See Smith v. Martin, 542 F.2d 688, 690-91 (6th Cir.1976) (per curiam), cert. denied, 431 U.S. 905 (1977); Denman v. Leedy, 479 F.2d 1097, 1098 (6th Cir.1973) (per curiam).
 
 
 6
 Accordingly, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Bernard A. Friedman, U.S. District Judge for the Eastern District of Michigan, sitting by designation