872 F.2d 1029
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael TERRELL, Plaintiff-Appellant,
v.
Daniel BORCHERT, Defendant-Appellee.
 No. 88-3784.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1989.
 
 1
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and THOMAS A. BALLANTINE, Jr., District Judge.*
 
 ORDER
 
 2
 Terrell, a pro se Ohio prisoner, appeals the district court's sua sponte dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Terrell, an inmate at the Southern Ohio Correctional Facility (SOCF), sued the defendant Borchert, Clerk for the Ohio Court of Claims, alleging that Borchert violated his constitutional rights when he filed findings of fact, conclusions of law, and an order in favor of SOCF before Terrell had an opportunity to respond to an Investigation Report filed by SOCF. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) finding that Borchert was entitled to absolute immunity.
 
 
 4
 Upon review, we affirm the district court's judgment. Under Ohio law, Borchert is empowered to administratively determine the outcome of certain types of civil actions filed against the state. See Ohio Revised Code Sec. 2743.10. Consequently, Borchert would be immune from a suit for damages as his act of filing findings of fact and conclusions of law was a judicial function to which absolute immunity attached. See Forrester v. White, --- U.S. ----, 108 S.Ct. 538, 542-44 (1988); Foster v. Walsh, No. 88-3256, slip op. at pg. 3 (6th Cir. Dec. 14, 1988) (per curiam). In fact, this court has expressly held that clerks of courts, when performing quasi-judicial functions, are entitled to immunity. See Smith v. Martin, 542 F.2d 688, 690-91 (6th Cir.1976) (per curiam), cert. denied, 431 U.S. 905 (1977); Denman v. Leedy, 479 F.2d 1097, 1098 (6th Cir.1973) (per curiam).
 
 
 5
 Lastly, we find no merit to plaintiff's argument on appeal that the district court failed to consider his request for injunctive and/or declaratory relief. We conclude that this case does not fit within the narrow exception of Pulliam v. Allen, 466 U.S. 522 (1984), as plaintiff's prayer for relief can not be interpreted as requesting prospective injunctive relief. See Pulliam, 466 U.S. at 541-42.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., U.S. District Judge for the Western District of Kentucky, sitting by designation