986 F.2d 1421
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Theodore HARGIS, Plaintiff-Appellant,
v.
Stephanie Tubbs JONES; Daniel Thomas; Gerald E. Fuerst,
Defendants-Appellees.
 No. 92-3906.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1993.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, JR., and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Theodore Hargis is an Ohio inmate. He filed a civil rights action under 42 U.S.C. § 1983 in which he sought monetary damages from the named defendants in connection with the alleged loss of a state court criminal trial transcript. The district court ultimately dismissed the complaint and this appeal followed. The parties have briefed the issues; Hargis is proceeding in his own behalf.
 
 
 3
 In 1989, Hargis filed a habeas corpus petition under 28 U.S.C. § 2254 in which he attempted to challenge the constitutionality of a 1986 Ohio rape conviction. The district court found that Hargis had not exhausted his state court remedies while noting that his trial transcript had apparently been destroyed by a fire. Hargis alleges that, when he returned to the appropriate Ohio state appellate court to file a motion for a delayed appeal, "[a]ll of a sudden the prosecutor and the court reporter came up with an alleged copy of the transcript." Hargis concludes these events indicate that the named defendants (a prosecutor, a court reporter and a clerk of courts) lied to the courts about his trial records and are therefore liable to him for nine million dollars damages.
 
 
 4
 A dismissal under Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). Upon consideration, we agree with the district court that the named defendants are immune from suit in this context. It is clear that any action defendant Jones took must have been taken in her advocative capacity as a county prosecuting attorney. She is thus absolutely immune from an action for money damages. Imbler v. Pachtman, 424 U.S. 409, 420-28 (1976). Hargis alleges that as the Cuyahoga County Clerk of Courts, defendant Fuerst is liable because he "went along" with the other defendants and that it is his job to know where the records are at all times. Fuerst is clearly being sued in his capacity as court clerk performing a quasi-judicial function and, as such, is entitled to a grant of absolute immunity from a suit for monetary damages. Foster v. Walsh, 864 F.2d 416, 417-18 (6th Cir.1988) (per curiam); Denman v. Leedy, 479 F.2d 1097, 1098 (6th Cir.1973) (per curiam). Finally, Hargis claims that a court reporter, defendant Thomas, violated his constitutional rights "because he has all of a sudden came [sic] up with a trial transcript that another court reporter ... said was burned up." Thomas is being sued in his capacity as an individual carrying out a judicially-directed function and is therefore immune from suit in this context. Forrester v. White, 484 U.S. 219, 225-29 (1988).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.