**Terry L. FISH, Plaintiff–Appellant,**

v.

**Kenneth MURPHY, Clerk, Southern District of Ohio; Director of the Administrative Office of the United States Courts, Defendants–Appellees.**

No. 01–3601.

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2001.

Before BOGGS and GILMAN, Circuit Judges; QUIST, District Judge.*

### ORDER

This pro se Ohio litigant appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking three million dollars in punitive damages, Terry L. Fish sued the Clerk of the United States District Court for the Southern District of Ohio (Kenneth Murphy) and the unnamed Director (the Director) of the Administrative Office of the United States Courts (AOC). Fish claimed that defendant Murphy violated his constitutional rights because Murphy stamped the wrong file date on a document, and that error resulted in the dismissal of Fish's appeal. Fish claimed that the Director violated his constitutional rights because he did not rectify Murphy's error.

The district court granted Fish in forma pauperis status, screened the complaint, and concluded that the United States District Court for the Northern District of Ohio was not a proper venue for Fish's action because the specific events and omissions of which Fish complained occurred in Columbus, Ohio (S.D.Ohio), and Washington, D.C. Pursuant to 28 U.S.C. § 1406(a), the district court determined that it would not be in the interest of justice to transfer the matter and dismissed Fish's complaint pursuant to 28 U.S.C. § 1915(e).

On appeal, Fish argues that filing his complaint in the proper forum would have created a conflict of interest, and he essentially reasserts the claims set forth in the district court. He also moves the court for in forma pauperis status on appeal.

█ This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A case is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct.

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

1827, 104 L.Ed.2d 338 (1989). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. *Turker v. Ohio Dep't of Rehab. and Corr.*, 157 F.3d 453, 456 (6th Cir.1998).

Upon review, we conclude that the district court properly dismissed Fish's complaint. The complaint does not contain allegations reasonably suggesting that he might have a valid federal claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726–27 (6th Cir.1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Kenneth Murphy is clearly being sued in his capacity as court clerk performing a quasi-judicial function and, as such, is entitled to a grant of absolute immunity from a suit for monetary damages. *Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir.1988) (per curiam); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir.1973) (per curiam). Fish's complaint is frivolous because it lacks an arguable basis in law. *See Neitzke*, 490 U.S. at 325, 109 S.Ct. 1827.

The Director of the AOC is ostensibly being sued in a capacity akin to respondeat superior, yet Fish's pleadings are devoid of any indication that the Director of the AOC enjoys a supervisory relationship over the adjudicative functions of the district courts. Thus his complaint fails to state a claim.

Accordingly, we hereby deny Fish's motion for leave to proceed in forma pauperis

as unnecessary, and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum of opinion and order of May 16, 2001.