IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 7, 2010 Session

# TERESA LYNN JACKSON v. AARON THOMAS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CIRCUIT COURT CLERK OF JACKSON COUNTY, TENNESSEE ET AL.

Appeal from the Circuit Court for Jackson County
No. 200P-56     John D. Wootten, Judge

No. M2010-01242-COA-R3-CV - Filed March 23, 2011

Plaintiff appeals the Tenn. R. Civ. P. 12.02 dismissal of her claims against two defendants, the Circuit Court Clerk of Jackson County, individually and in his official capacity, and Jackson County, Tennessee for a violation of 42 U.S.C. § 1983, the Tennessee Governmental Tort Liability Act, and numerous intentional torts. The trial court dismissed all claims against these defendants finding that Plaintiff failed to state a claim. We affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Richard M. Brooks, Carthage, Tennessee, and Michael Savage, Livingston, Tennessee, for the appellant, Teresa Lynn Jackson.

Jeffrey M. Beemer and Kelly M. Telfeyan, Nashville, Tennessee, for the appellees, Aaron Thomas and Jackson County, Tennessee.

## OPINION

This action arises from the issuance of a general sessions warrant for the arrest of the plaintiff, Teresa Lynn Jackson, on a worthless check charge in January 2009. Ms. Jackson issued a personal check for $125 in January 2007 payable to Center Grove Auto for services rendered; the check was hand delivered by Ms. Jackson to Lisa Fox, an employee of Center Grove. Soon after the check was delivered to Ms. Fox, Ms. Jackson realized there were insufficient funds in her account. To promptly remedy the situation, Ms. Jackson contacted

Lisa Fox and then delivered to Lisa Fox $125 in cash plus the fee for a returned check. Unbeknownst to Ms. Jackson, Lisa Fox had already cashed the check at Anderson's Market. When Anderson Market deposited the check, it was dishonored due to insufficient funds.

Two years later, on January 30, 2009, Tanya Fox, the owner of Anderson Market, filled out an Affidavit of Complaint against Ms. Jackson for writing a worthless check. Upon review of the Affidavit of Complaint, the Circuit Court Clerk for Jackson County, Aaron Thomas, found probable cause and issued an arrest warrant for Ms. Jackson for violation of Tenn. Code Ann. § 39-14-121.

Ms. Jackson was arrested at her home on February 2, 2009, and taken to the Jackson County Sheriff's Department where she was booked on the worthless check charge. She made bond that day and was released. Upon her release, Ms. Jackson attempted to contact Tanya Fox but Ms. Fox refused to speak with her on the matter. Ms. Jackson then spoke with Lisa Fox, who agreed that the check had been paid and said she would help resolve the matter with Tanya Fox. An Order of Expungement was entered the following day, February 3, 2009.

Ten days passed before the record was removed and expunged. In the interim, an article appeared in the Jackson County Sentinel stating: "On Feb. 2, Teresa Lynn Jackson was arrested on a warrant for worthless checks by Deputy Gregory Pauch."

On February 1, 2010, Teresa Jackson, filed this action against four defendants, Aaron Thomas, both individually and in his official capacity as the Circuit Court Clerk of Jackson County; Jackson County, Tennessee; Lisa Fox; and Tanya Fox.[1] In her complaint, Ms. Jackson alleged a violation of her Fourth Amendment rights claiming that the warrant was issued illegally and therefore she became a pre-trial detainee in a custodial arrest under 42 U.S.C. § § 1983 and 1988. She also asserted claims for false imprisonment, false arrest, abuse of process, invasion of the right to privacy, defamation of character, negligent infliction of emotional distress, intentional infliction of emotional distress, fraud, and malicious prosecution as well as a claim under the Tennessee Governmental Tort Liability Act.

The defendants on appeal, Mr. Thomas and Jackson County, jointly filed a Motion to Dismiss, in which they asserted the complaint failed to state a claim upon which relief could be granted. Ms. Jackson filed a response. Following a hearing, the trial court granted the motion and dismissed all claims against Mr. Thomas and Jackson County with prejudice. In

---

[1]The claims against Lisa Fox and Tanya Fox were not dismissed and they are not at issue in this appeal; the claims against Lisa Fox and Tanya are still pending in the trial court.

an order entered on May 8, 2010, the court ruled that Ms. Jackson's claims against Thomas in his individual capacity for a violation of 42 U.S.C. § 1983 and negligence[2] were barred by the doctrine of quasi-judicial immunity, and that the claims against Thomas in his official capacity were redundant because the same claims were asserted against Jackson County. As for the claims against Jackson County, the trial court dismissed the § 1983 claim against Jackson County because Ms. Jackson failed to allege a wrongful or injurious policy; the court dismissed the GTLA claim against the county because the county retained immunity. Because the claims against Lisa Fox and Tanya Fox were not dismissed, the trial court ruled that the order dismissing all claims against Mr. Thomas and the county constituted a final, appealable judgment pursuant to Tenn. R. Civ. P. 54.02. This appeal by Ms. Jackson followed.

## STANDARD OF REVIEW

This action is before this court on an appeal from the dismissal pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim. The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. A Rule 12 motion only challenges the legal sufficiency of the complaint; it does not challenge the strength of the plaintiff's proof. *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999). In reviewing a motion to dismiss, we must liberally construe the complaint, presuming all factual allegations to be true, and giving the plaintiff the benefit of all reasonable inferences. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) (citing *Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996)). Thus, a complaint should not be dismissed for failure to state a claim *unless* it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). Making such a determination is a question of law. Our review of a trial court's determinations on issues of law is de novo with no presumption of correctness. *Id.* (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

## ANALYSIS

On appeal, Ms. Jackson contends that the trial court erred in ruling that her complaint failed to state a claim under any of the alleged causes of action. We will first discuss the claims against Aaron Thomas and Jackson County that are based on alleged violations of 42

---

[2]As the trial court noted at the hearing on the motion to dismiss, Ms. Jackson acknowledged that Mr. Thomas did not intentionally cause the arrest warrant to issue and that her statutory and common law tort claims against Mr. Thomas were actually claims of negligence.

U.S.C. § 1983; then we will discuss the various GTLA claims asserted against these defendants.

## I.
## 42 U.S.C. § 1983 CLAIMS

The 42 U.S.C. § 1983 claims asserted against Aaron Thomas, individually and in his official capacity, and Jackson County all arise from the issuance by Mr. Thomas of a warrant for the arrest of Ms. Jackson that was based upon an alleged criminal offense that was barred by the statute of limitations when the warrant was issued. We will first discuss the § 1983 claims against Mr. Thomas.

### A.

The trial court dismissed the 42 U.S.C. § 1983 claim against Aaron Thomas, in his official capacity as the Circuit Court Clerk of Jackson County, finding that the claim against him as a county official was redundant to the claim against the County. The trial court also dismissed all claims against Mr. Thomas in his individual capacity for violation of 42 U.S.C. § 1983 based upon the doctrine of quasi-judicial immunity. The court found that Mr. Thomas was performing an official judicial function when he erroneously issued the arrest warrant, an act he could not perform as an individual. Therefore, Mr. Thomas, as an individual, was entitled to immunity regardless of whether the warrant was erroneously issued.

As the trial court correctly noted, an action against a municipal or county officer in an official capacity under 42 U.S.C. § 1983 is treated as an action against the governmental entity. *Campbell v. Anderson County*, 695 F. Supp.2d 764, 770 (E.D. 2010) (citing *Hafer v. Melo*, 502 U.S. 21 (1991)). This important legal principle, and the distinction regarding official capacity versus individual capacity suits, was thoroughly discussed and explained in *Alkire v. Irving*, 330 F.3d 802 (6th Cir. 2003).

> While "personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law," individuals sued in their official capacities stand in the shoes of the entity they represent. *Kentucky v. Graham*, 473 U.S. 159, 165, 87 L. Ed. 2d 114, 105 S. Ct. 3099 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978) ("Official capacity suits . . . represent only another way of pleading an action against an entity of which an officer is an agent.")); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."). As long as the governmental entity receives

-4-

notice and an opportunity to respond, an official-capacity suit "imposes liability on the entity that he represents." *Brandon v. Holt*, 469 U.S. 464, 471-72, 83 L. Ed. 2d 878, 105 S. Ct. 873 (1985); *Graham*, 473 U.S. at 166 ("Thus, . . . a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.").

*Id.* at 811.

As *Campbell* and *Alkire* thoroughly explain, the § 1983 claim asserted against Mr. Thomas in his official capacity as the Circuit Court Clerk of Jackson County is an action against Jackson County itself. Thus, the § 1983 claim against Mr. Thomas in his official capacity is a redundant claim as the trial court correctly found. Accordingly, we affirm the trial court's dismissal of the 42 U.S.C. §1983 claim against Aaron Thomas in his official capacity as the Circuit Court Clerk of Jackson County.

As for the § 1983 claims against him as an individual, Mr. Thomas is immune from suits for money damages for the actions at issue based upon quasi-judicial immunity, because in issuing the warrant, he was engaging in an action integral to the judicial process. *See Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988); *see also Moore v. Tennessee*, No. 3:03-CV-559, 2005 WL 1668365, at *3 (E.D. Tenn. July 18, 2005). Quasi-judicial immunity is an extension of the well-established rule of judicial immunity, which provides judges with absolute immunity from suits seeking money damages for actions performed in their judicial capacity. *See Moore*, 2005 WL 1668365, at *3 (citing *Mireless v. Waco*, 502 U.S. 9 (1991)). "One who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected." *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (citing *Bush*, 38 F.3d at 847; *Foster*, 864 F.2d at 417)). Quasi-judicial immunity has been frequently applied to court clerks in the performance of duties integral to the judicial process. *See Moore*, 2005 WL 1668365; *see also Foster*, 864 F.2d at 417-18; *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973).

The issuance of an arrest warrant is subject to immunity because it is "a truly judicial act." *Moore*, 2005 WL 1668365, at *3. The Advisory Commission comments to Rule 3 of the Tennessee Rules of Criminal Procedure explain that under the statutory scheme set forth in Tenn. Code Ann. § 40-6-214, clerks and their sworn deputies have jurisdiction and authority to issue arrest warrants, and when any clerk issues an arrest warrant "a judicial function . . . is being performed." Tenn. R. Crim. P. 3, adv. commission cmt. Because the act of issuing a warrant is a judicial function, immunity extends to the court clerk who issues the warrant, even if the warrant was issued erroneously. *Foster*, 864 F.2d at 417-18. Mr. Thomas could only issue the warrant for Ms. Jackson's arrest in his capacity as a court clerk; therefore, he is entitled to immunity for acts connected with the issuance of the warrant. *Id.*

(citing *Foster*, 864 F.2d at 418). Accordingly, the trial court acted properly by dismissing the 42 U.S.C. § 1983 claims against Mr. Thomas, individually and in his official capacity.[3]

### B.

The trial court dismissed the 1983 claim against Jackson County upon the finding that the Complaint alleged no policy or procedure that the County violated and, therefore, it failed to state a claim under 42 U.S.C. § 1983. For this reason, the claim against the County was dismissed.

In order to hold a municipal defendant liable for constitutional violations under 42 U.S.C. § 1983, a plaintiff must demonstrate that a policy or custom of the government entity was a "'moving force' behind the deprivation of her rights and arose as a result of 'deliberate indifference' to her rights." *Campbell*, 695 F. Supp.2d at 771 (quoting *Doe v. Claiborne Co.*, 103 F.3d 495, 508 (6th Cir. 1996)). There is no respondeat superior liability under § 1983, therefore, a county cannot be liable for an injury inflicted solely by its employees or agents. *Lee v. Knox County Sheriff's Office*, No.: 3:05-CV-571, 2006 U.S. Dist. LEXIS 79945, *6 (E.D. Tenn. Oct. 31, 2006) (citing *Monell v. Dept. of Social Services of City of N.Y.*, 436 U.S. 690, 691; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Searcy v. Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)).

As the trial court correctly found, the Complaint did not allege or identify a policy or custom of Jackson County that resulted in the deprivation of any of her rights. Therefore, the Complaint failed to state a claim against Jackson County under 42 U.S.C. § 1983 and the trial court correctly dismissed the § 1983 claim against the County.

For the reasons stated above, we affirm the dismissal of all 42 U.S.C. § 1983 claims asserted against Mr. Thomas, individually and in his official capacity, and against Jackson County, Tennessee.

---

[3]Quasi-judicial immunity is not applicable in a suit against an individual in one's official capacity as explained in *Alkire v. Irving*:

> Sheriff Zimmerly and Judge Irving cannot claim any personal immunities, such as quasi-judicial or qualified immunity, to which they might be entitled if sued in their individual or personal capacities. *Graham*, 473 U.S. at 167. "The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, qua entity, may possess, such as the Eleventh Amendment." *Id.*

*Alkire*, 330 F.3d at 811.

The Complaint asserts a plethora of claims against Mr. Thomas and Jackson County under the GTLA, stating the defendants "are liable for their own negligence and are responsible for all of the torts committed, as stated in the Complaint, for which they have waived immunity under the [GLTA.]" The statutory and common law tort claims alleged include false imprisonment, false arrest, abuse of process, invasion of the right to privacy, libel, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, fraud, and malicious prosecution.

The claims asserted all arise from Mr. Thomas's negligence[4] in issuing a warrant for the arrest of Ms. Jackson for a crime that was time barred. We have already determined, based upon our discussion of the doctrine of quasi-judicial immunity, that Mr. Thomas is immune from suits for money damages for the actions at issue because they were in the performance of a duty integral to the judicial process. *Foster*, 864 F.2d at 417-18; *Moore*, 2005 WL 1668365, at *3. Because Mr. Thomas has immunity from these claims, the trial court properly dismissed the GTLA claims asserted against Mr. Thomas. We will now address the merits of the GTLA claims against the County.

The trial court dismissed the GTLA claims against the County upon the following findings:

[T]his Court finds that Jackson County has immunity from suit under the [TGTLA] on Plaintiff's statutory and common law tort claims. In this case, Plaintiff claims that, as a result of the County's negligent supervision of Mr. Thomas, she was subjected to false imprisonment, false arrest, abuse of process, invasion of the right to privacy, defamation of character (libel), fraud, and malicious prosecution. Additionally, Plaintiff claims that, as a result of these acts, she suffered emotional distress. However, pursuant to Tenn. Code Ann. § 29-20-205(2), the County retains its sovereign immunity for injuries that arise out of the foregoing intentional torts.

Tenn. Code Ann. § 29-20-205(2) expressly states that a governmental entity retains immunity under the GTLA for negligence claims that arise from claims for false imprisonment, false arrest, abuse of process, invasion of the right to privacy, libel, intentional

---

[4]Ms. Jackson's attorney acknowledged in the trial court that Ms. Jackson was not pursing any intentional tort claims against Mr. Thomas, only those based upon the negligence of Mr. Thomas. Thus, the intentional torts alleged only pertain to Jackson County.

infliction of emotional distress, fraud, and malicious prosecution. The statute reads in pertinent part:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment *except if the injury arises out of*:
>
>> (1) the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused;
>> (2) false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights;
>> (3) the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or similar authorization;
>> (4) a failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property;
>> (5) the institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause;
>> (6) misrepresentation by an employee whether or not such is negligent or intentional; . . .

Tenn. Code Ann. § 29-20-205(1)-(6) (emphasis added).

Because Jackson County retains immunity under the GTLA from Ms. Jackson's claims for false imprisonment, false arrest, abuse of process, invasion of the right to privacy, libel, intentional infliction of emotional distress, fraud, and malicious prosecution, the trial court acted properly by dismissing these claims. However, Ms. Jackson's claims for negligence and negligent infliction of emotional distress are not specifically identified in the exceptions stated in Tenn. Code Ann. § 29-20-205. Moreover, our Supreme Court has held that a governmental entity does not retain immunity for negligent infliction of emotional distress under the GTLA. *See Sallee v. Barrett*, 171 S.W.3d 822 (Tenn. 2005). Nevertheless, Jackson County contends it is immune from these two claim because they fall within the "civil rights exception" under Tenn. Code Ann. § 29-20-205(2) based upon the facts alleged in the Complaint.

Subsection (2) of Tenn. Code Ann. § 29-20-205 states that immunity is not removed "*if the injury arises out of*: . . . false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, . . . infliction of mental anguish, invasion of right of privacy, or *civil rights*; . . ." As stated in its brief, the County contends Ms. Jackson's claims fall within the civil rights exception because her claims "clearly arise out of and directly flow from" the allegations that Mr. Thomas "deprived Plaintiff of her civil rights in issuing an arrest warrant when the statute of limitations for the underlying offense had already lapsed." In support of this contention the County relies upon a memorandum opinion in *Bettis v. Pearson*, 2007 WL 2426404, at *11 (E.D. Tenn. 2007), which held that a city was entitled to immunity under the GTLA if the injury alleged arises out of "civil rights."

> Section 29-20-205 of the TGTLA provides that a municipality's immunity is retained when injury arises out of "civil rights." This Court construes "civil rights" under section 29-20-205 as including claims arising under the federal civil rights laws and the U.S. Constitution. *Hale v. Randolph*, No. 1:02-cv-334, 2004 WL 1854179, at *17 (E.D.Tenn. Jan. 30, 2004); *cf. Brooks v. Sevier County*, 279 F.Supp.2d 954, 960 (E.D.Tenn. 2003). Here, as in *Hale*, Plaintiff's official capacity-state law claims against the governmental entities "clearly arise out of and directly flow from the allegations that the police officers deprived [plaintiff] of [his] civil rights. . . ." *Hale*, 2004 WL 1854179, at *17. Because plaintiff asserts his state law claims in the context of a civil rights case, his alleged injuries arise out of "civil rights" and the governmental entities are entitled to immunity under the TGTLA. *See id*. Accordingly, summary judgment will be GRANTED as to Plaintiff's official capacity claims of false arrest and imprisonment, aggravated assault, intentional infliction of emotional distress, negligent infliction of emotional distress, and malicious prosecution.

*Bettis*, 2007 WL 2426404, at *11.

The civil rights exception was discussed at length in *Campbell v. Anderson County*, 695 F. Supp.2d 764. In *Campbell*, a woman filed suit against a county for negligent supervision and training of its sheriffs' officers who allegedly falsely imprisoned and sexually assaulted her. *Id*. The court found that the negligence claim was predicated on intentional tortious conduct involving the violation of her civil rights by employees of the county and that the county retained immunity under the civil rights exception codified at Tenn. Code Ann. § 29-20-205(2) stating:

> Campbell's tort claims of false imprisonment, assault and battery, intentional infliction of emotional distress, and negligence brought against the County

under Tennessee law are predicated on the alleged violation of her civil rights by Graham. The contention that former Reserve Deputy Graham committed false imprisonment, assault and battery, and intentional infliction of emotional distress clearly arise out of and directly flow from the allegations that he deprived Campbell of her civil rights by sexually assaulting her. Because Campbell asserts her claims against the County in the context of a civil rights case, her alleged injuries arise out of "civil rights" and the County is entitled to immunity from suit on these claims pursuant to the "civil rights" exception in Tenn. Code Ann. § 29-20-205(2).

Although Campbell may seek to circumvent or avoid the County's immunity from suit under § 29-20-205(2) by couching some of her civil rights claims against the County in the guise of negligence, this strategy fails. The underlying acts which Campbell alleges to be negligent are by their very nature the type of conduct one usually associates with intentional torts (false imprisonment, assault and battery, intentional infliction of emotional distress). Campbell's negligence claim is predicated on intentional tortious conduct involving the violation of her civil rights by employees of the County. Based on the facts and circumstances of this case, the court sees no reason why the County should not have immunity from suit under the "civil rights" exception in Tenn. Code Ann. § 29-20-205(2).

*Campbell*, 695 F. Supp.2d at 778.

In her complaint, Ms. Jackson asserts that her rights under the Fourth Amendment of the United States Constitution were violated as a result of the erroneous issuance of the arrest warrant. Thus, her claims against Jackson County arise out of the assertion that her civil rights were violated. Because Ms. Jackson's injuries arise out of claims that her civil rights were violated, the civil rights exception in Tenn. Code Ann. § 29-20-205(2) applies. Therefore, the County retains immunity from such claims and dismissal of these claims was proper.

IV.
RECUSAL

Ms. Jackson contends the circuit court judge erred in failing to recuse himself from the action.[5] We find no factual or legal basis upon which the judge had a duty to recuse

---

[5]As the defendants correctly assert, no formal motion of recusal is in the record; however, it appears

(continued...)

himself in this case.

In her original brief, Ms. Jackson contended that the judge should have recused himself due to the affinity provision contained within article VI, section 11 of the Tennessee Constitution. Our Supreme Court has interpreted the word "affinity" within that provision to signify "the relation which each party to a marriage, the husband and the wife, bears to the kindred or blood relations of the other." *Hume v. Commercial Bank*, 78 Tenn. 1, 2-3 (Tenn. 1882). There is no evidence in the record that the trial judge was related by blood or marriage to Mr. Thomas or any other party to this action; thus, this assertion provides no basis upon which the trial judge should be recused.

In her reply brief, Ms. Jackson made a different assertion for recusal. Citing 42 U.S.C. § 455, Ms. Jackson asserted that a judge should recuse himself "in any proceeding in which his impartiality might reasonably be questioned . . ." and "[w]here he has a personal bias or prejudice concerning a party." The only factual assertion made by Ms. Jackson to suggest inappropriate partiality, bias, or prejudice is that the trial judge, who is the circuit court judge for Jackson County, Tennessee, would be biased in favor of Mr. Thomas because Mr. Thomas is the circuit court clerk for Jackson County, Tennessee. We find this assertion, without more, insufficient to require recusal.

"Unless the grounds for recusal fall within those enumerated in a constitutional provision or statute governing disqualification of judges, the question of whether a judge should recuse himself is a matter within his discretion." *Wright v. Pate*, 117 S.W.3d 774, 777 (Tenn. Ct. App. 2002). Ms. Jackson did not identify a constitutional or statutory provision that applies to this case and the mere fact that one of the defendants is the circuit court clerk and the trial judge is the judge of the same circuit court, without more, is wholly insufficient to establish a conflict that necessitates recusal. Therefore, we find no error with the circuit court judge of Jackson County ruling on the issues presented in this case.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellant, Teresa Lynn Jackson.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[5](...continued)
an informal request for recusal was made. Therefore, we shall address the issue.